CONTINENTAL CASUALTY COMPANY, Appellant, vs.
WOERPEL and another, Respondents.

*April 7—May 11, 1926.*

*Insurance: Workmen's compensation policy: Construction: Premium: Owner excavating cellar: Workmen of subcontractor erecting superstructure: Coverage.*

1. In view of secs. 102.06 and 102.31, Stats., a workmen's compensation policy, issued before the passage of ch. 451 of the Laws of 1921, should be construed, if possible, to cover the workmen of contractors who were erecting a building for the insured, on the principle that a person is presumed to have taken a course in accordance with the law rather than one in direct violation thereof.    p. 124.

2. The language of the workmen's compensation policy and the situation of the insured are *held* to show an intent to limit coverage to employees excavating a basement for the insured and to preclude a recovery of premiums based on the compensation paid to employees of the contractors erecting the superstructure.    p. 129.

3. In construing a contract the intent of the parties should be ascertained if possible; and to ascertain the intent the court may look to the provisions of the workmen's compensation act and consider the situation of the parties when the contract was made.    p. 129.

4. The erection of the superstructure in this case was not an operation necessary, incident, or appurtenant to the excavation of the basement, described in the declaration of the insured as to the nature of the business, so as to entitle the insurer to premiums based on the compensation paid to employees of the contractors erecting the superstructure; and the insurer, not being liable under the policy for injuries to employees of the contractor engaged in other work than that described in such declaration, cannot recover premiums based on the compensation paid to such employees.    p. 129.

APPEAL from a judgment of the county court of Iowa county: ALDRO JENKS, Judge. *Affirmed.*

For the appellant there was a brief by *Thomas M. Priestley* of Madison and *Thomas N. Burke* of Mineral Point, and oral argument by *Mr. Burke.*

*J. Charles Pile* of Mineral Point, for the respondents.

OWEN, J.   This action was brought by appellant to re-
cover premiums claimed to have been earned and due it
under a policy of workmen's compensation insurance issued
by it to the respondents May 17, 1920.   The question is
whether the policy covered operations conducted by the
respondents not specifically mentioned in the policy.

It appears that prior to the issuance of the policy respond-
ents contemplated the erection of a garage at Dodgeville.
They proposed to excavate the basement by day labor and
to let contracts for the erection of the superstructure.   This
plan was carried out, but the contractors for the erection
of the superstructure carried no workmen's compensation
insurance on their employees.   Respondents were therefore
liable for compensation to the employees of said contractors
under the provisions of sec. 102.06, Stats.   The appellant
claims that its policy indemnified respondents for such com-
pensation; that it would have been liable for any compensa-
tion that might have been awarded to the employees of said
contractors, and that the premiums payable by the respond-
ents upon such policy should be readjusted so as to include
as a basis the wages paid by the contractors to their em-
ployees.

The policy was issued prior to the passage of ch. 451,
Laws of 1921, which provides that such policies "shall be
construed to grant full coverage of all liability of the
assured under and according to the provisions of sections
2394—3 to 2394—31, inclusive, notwithstanding any agree-
ment of the parties to the contrary unless the industrial com-
mission has theretofore by written order specifically con-
sented to the issuance of a contract of insurance on a part
of such liability," which provision now appears as a part of
sec. 102.31, Stats.   It will therefore be necessary to examine
the policy to determine whether it can be construed as cover-
ing the employees of the contractors.   In doing so, we have
in mind certain provisions of the workmen's compensation

act in force at the time of the issuance of said policy, urged upon our attention by appellant, such as the provision to be found in sec. 102.31 that every contract for the insurance of workmen's compensation shall be deemed to be made subject to the provisions of the workmen's compensation act, and that provisions in said policy inconsistent with the provisions of the compensation act are void; also the provision that one under the act is liable to the employees of a contractor who does not carry workmen's compensation insurance as required by the act, as well as the penalty provided for failure to carry insurance as required by the act. It is understood that if respondents did not have insurance covering the workmen of the subcontractors, and if they were not exempted by the industrial commission from carrying such insurance, they would be subject to penalties provided by the workmen's compensation act, and that a situation is presented where the policy should be construed to cover such employees, if possible, on the principle that a person is presumed to have taken the course which is in accord with the law rather than a course which is in direct violation of it.

By the terms of the policy the appellant agrees:

"To pay promptly to any person entitled thereto, under the workmen's compensation law and in the manner therein provided, the entire amount of any sum due and all instalments thereof as they become due.

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, cited and described in an indorsement attached to this policy, each of which statutes is herein referred to as the workmen's compensation law, and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are

required by the provisions of such workmen's compensation law."

Plainly this amounts to full coverage, unless the sweeping liability thereby assumed is limited by other provisions of the policy. In looking for such other provisions we note these:

"Five. This agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted."

"Six. This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations, which, for the purpose of this insurance, shall include all operations necessary, incident, or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places."

"A. The premium is based upon the entire remuneration earned during the policy period by all employees of this employer engaged in the business operations described in said declarations, together with all operations necessary, incident, or appurtenant thereto or connected therewith, whether conducted at such work places or elsewhere, in connection therewith or in relation thereto. . . . If any operations as above defined are undertaken by this employer, but are not described or rated in said declarations, this employer agrees to pay the premium thereon at the time of the final adjustment of the premium in accordance with condition C hereof at the rates and in compliance with the rules of the manual of rates in use by the company upon the date of issue of this policy. At the end of the policy period the actual amount of the remuneration earned by employees during such period shall be exhibited to the company as provided in condition C hereof and the earned premium adjusted in accordance therewith at the rates and under the conditions herein specified. If the earned premium thus

computed is greater than the advance premium paid, this employer shall immediately pay the additional amount to the company; if less, the company shall return to this employer the unearned portion, but, in any event, the company shall retain the minimum premium stated in said declarations."

The declarations referred to give the address of the insured, the period during which the policy shall remain in force, the location of insured's business, and a classification of operations as follows:

| Classification of Operations.<br>Note: If more than one classification, indicate each other by (b), (c), (d), etc. | Estimated Total An. Remun. | Rate per $100 of Remun. | Estimated Premium. |
|---|---|---|---|
| 1 (a) Cellar excavation (no caisson or subaqueous work), including digging holes and filling them with concrete for foundations for buildings. | $1,800 | $7.76 | $139.68 |
| (x) President, any vice-president, secretary or treasurer of corporate employer who performs duties of superintendent, foreman or workman. | | | |
| 2 (a) Clerical office employees.......................... | | | 8810 |
| (b) Draughtsmen (engaged exclusively in the profession) —office duties only.............................. | | | 8811 |
| 3 (a) Additions to, alterations and repairs of employer's existing buildings or plants (not construction of new building nor maintenance of equipment covered as manufacturing operations), excluding the erection or demolition of structural steel or of any fabricated iron or steel products or structure, and the construction of sewers, tunnels, shafts or subways, excluding also all operations conducted or supervised by contractors operating either as principals or on a percentage basis (unless specifically classified and rated in division 1).................................. | | | 5602 |

Continental Casualty Co. v. Woerpel, 190 Wis. 122.

4 (a) Stamping-metal (if not included in 1).............. 3210
  (b) Blasting (additional minimum premium for this
      item $25)....................................... 6280
  (c) Railroads (used solely for declared business opera-
      tions), included in division 1.

5 (a) Erection, installation, repair or demonstration of em-
      ployer's product, as follows:
                    (Manual Classification.)
  (b) Outside salesmen, collectors and messengers (wher-
      ever engaged) who do not deliver merchandise..... 8742
  (c) Drivers and drivers' helpers (if not included in 1)
      wherever engaged............................... 7205
  (d) Chauffeurs and chauffeurs' helpers (if not included in
      1) wherever engaged........................... 7380

Minimum premium for this policy shall be.............. $86.00
Estimated advance premium........................... 139.68

Item 4. The foregoing enumeration and description of employees include all persons employed in the service of this employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due, together with an estimate for the policy period of all such remuneration. This enumeration and description with the estimated remuneration shall also include the president, any vice-president, secretary or treasurer of this employer if a corporation if actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman, but any such designated officer not so engaged shall not be included in such enumeration, description or estimated remuneration. The foregoing estimates of remuneration are offered for the purpose of computing the advance premium. The company shall be permitted to examine the books of this employer at any time during the policy period and any extension thereof and within one year after its final termination so far as they relate to the remuneration earned by any employee of this employer while the policy was in force.

Item 5. This employer is conducting no other business operations at this or any other location not herein disclosed—except as herein stated: In the automobile business.

If there are any limitations upon the full coverage assumed by the opening provisions of the policy, it must be found in the provisions above quoted. Upon casual consideration some of these provisions, at least, would seem to be provisions of limitation unless it can be said that they

are explanatory provisions merely inserted in the interests of clarity. It may be assumed that when an employer makes application for insurance of this nature, it is necessary that the insurer know something about the employer's business in order to fix the rate of insurance and to arrive at an estimated premium to be paid. This accounts for the propriety of a declaration stating generally at least the nature of the employer's business; so that the specification of such business would not in and of itself necessarily indicate an intention to confine the coverage to that business, especially in view of the general coverage provisions of the policy already alluded to. However, if it were the intention of the parties that the policy should afford complete coverage for all of the businesses of the assured, no matter how remote or unrelated such activities might be to the business specified in the declarations, then we can see no object in providing that "This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations," nor for the provisions contained in provision A above quoted providing that "the premiums shall be based upon the remuneration of employees engaged in the business operations described in said declarations, together with all operations necessary, incident, or appurtenant thereto or connected therewith." If some limitation upon the coverage was not intended, a simple provision that "the premium is based upon the entire remuneration earned during the policy period by all employees of this employer" would have been sufficient and left no doubt whether the coverage was limited or general. Then the further provision in condition (A) that "if any operations *as above defined* are undertaken by the employer," etc., is quite significant. The phrase "as above defined" is certainly a qualifying phrase and limits operations to those above defined. The operations above defined are those "described in said declarations, together with all operations necessary, incident, or

appurtenant thereto or connected therewith." All such provisions or phrases would be wholly unnecessary if it had been the purpose of the parties to afford complete coverage for all operations of the insured. It cannot be said that they were inserted for purposes of clarity, because their presence tends to ambiguity rather than certainty.

It is familiar doctrine that in the construction of a contract the intent of the parties should be ascertained if possible, and, as contended by the plaintiff, to ascertain that intent we may look to the provisions of the workmen's compensation act. We may also take into consideration the situation of the parties at the time the contract was made. There is no doubt that at the time this contract was made the insured had in mind the excavation of the basement of the garage by day labor and a letting of the contract for the construction of the superstructure. Naturally it was assumed that the contractor would carry workmen's compensation insurance, thus relieving the insured from any liability for injuries sustained by employees of the contractor. Their only concern was with their own employees engaged in the excavation work. In compliance with the law they secured this insurance for the only employees with which they were concerned. Not only the language of the policy, but the situation of the insured, tends strongly to the conclusion that the parties to the contract of insurance intended to limit it to the employees engaged in the work described in the specifications and in the policy.

Appellant contends that the erection of the superstructure is an operation necessary, incident, or appurtenant to the operations described in the declaration or connected therewith, and hence within the express provisions of the policy. To this we cannot agree. The erection of the superstructure is not an incident to the excavation of the basement. If one is incidental to the other, the order must be reversed, and the superstructure regarded as the main thing, the base-

ment as the incident. However, so far as the situation here presented is concerned, the two undertakings are distinct and independent, and the construction of neither can be said to be an incident of the other. Appellant relies upon the case of *Frint Motor Car Co. v. General Acc., F. & L. Assur. Corp.* 173 Wis. 109, 180 N. W. 121. But in that case the policy specifically provided that the policy should be construed to include work done by the assured even though not included in the descriptions given. We find no such provision in this policy, and the case cited has no application. It is quite apparent that had an injury occurred to an employee of the contractor, the defendant could have successfully escaped liability under its policy and would have incurred no liability to such employees. It should not be permitted to recover premiums based upon compensation paid to such employees. This was the ruling of the trial court, where the judgment also went against appellant upon respondents' counterclaim for recovery of excess premiums. As upon our construction of the contract the appellant makes no contention that the judgment against it for such excess premiums is improper, it results that the judgment must be affirmed.

*By the Court.*—So ordered.