MARYLAND CASUALTY COMPANY vs. CITY OF TAUNTON.

Suffolk.    January 8, 1936. — March 17, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance*, Premium, Workmen's compensation, General liability.

Under a workmen's compensation insurance policy covering "sewer construction," requiring payment of a premium based "upon the entire remuneration earned . . . by all employees . . . engaged in the business operations described . . . together with all operations necessary, incident or appurtenant thereto, or connected therewith," sewer maintenance and cleaning were not "necessary, incident or appurtenant" to, nor "connected" with sewer construction, and the payroll of employees engaged in sewer maintenance and cleaning should not be included in computing the premium.

Under a public liability policy of insurance to a city, declaring that the "locations covered" consisted of that city "and vicinity" and requiring payment of a premium computed "upon the entire compensation of all persons employed in or in connection with the operations described in the schedule hereof," which were stated as "sewer construction," and providing further that if "the assured shall do any work at the location . . . not included in said schedule, then, unless such work be eliminated from coverage by specific provision of the policy . . . the said policy shall be extended to cover such work" with a consequent increase in the premium, no elimination being specified, maintenance and cleaning of sewers were additional work at the location and the insurer could recover an additional premium based on the pay roll of those employed therein.

CONTRACT.    Writ dated November 6, 1933.

The action was heard in the Superior Court by *Brogna*, J., without a jury, who found for the plaintiff in the sum of $759.01. The plaintiff alleged exceptions with respect to two items of premiums for insurance for which recovery was denied.

The case was submitted to the court on briefs in January, 1936, and afterwards was submitted on briefs to all the Justices.

*H. B. White*, for the plaintiff.

*J. E. Welch*, City Solicitor, for the defendant.

LUMMUS, J.    This is an action of contract to recover a balance of $1,109.83 for insurance premiums not finally

determined in advance but dependent upon the amount of payrolls during the terms of the policies. The judge found for the plaintiff in the sum of $698.48 and interest. The plaintiff brings the case here on exceptions, and contends that it is entitled to recover two items for which the judge denied recovery.

The disputed items relate to a "public liability" policy and a "standard workmen's compensation and employers' liability" policy, both for the year ending October 3, 1932, issued to "City of Taunton — Sewer Department." That department divided its employees doing sewer work into a sewer construction force and a sewer maintenance and cleaning force. Only the payroll of the former force was discovered and considered when the premiums were computed and paid. The plaintiff now seeks to recover an additional premium based upon the compensation paid to the latter force.

The "schedule . . . operations: kind or kinds of work covered by policy," in the case of the public liability policy, and the "classification of operations" in the case of the workmen's compensation policy, read as follows: "All work done by employees of the Sewer Department rated as: sewer construction — all operations — excluding tunneling except at street crossings. #6301." The figures #6301 referred to a class, established by the plaintiff, for rating purposes in computing premiums, consisting of sewer construction employees. Sewer cleaning employees formed a different class, with a different number and a different rate.

The workmen's compensation policy provides that "the premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith . . . If any operations as above defined are undertaken by this employer but are not described or rated in said declarations, this employer agrees to pay the premium thereon . . . at the rates . . . in use by the Company upon the date of

issue of this policy." The "classification of operations," already mentioned, forms part of one of the "declarations." We think that the work of sewer maintenance and cleaning was not "necessary, incident or appurtenant" to, nor "connected" with, sewer construction, so as to bring it within the coverage. One of the "declarations," it is true, is that "this employer is conducting no other business operations at this or any other location not herein disclosed." If the sewer maintenance and cleaning operations make that declaration untrue, that fact did not extend the scope of the coverage. The plaintiff is not entitled to recover an additional premium upon this policy.

The public liability policy declares that the "locations covered" consist of "Taunton and vicinity"; that the premium is to be computed "upon the entire compensation of all persons employed in or in connection with the operations described in the schedule hereof"; and further that if "the assured shall do any work at the location or locations specifically described in the schedule of the policy . . . not included in said schedule, then, unless such work be eliminated from coverage by specific provision of the policy . . . the said policy shall be extended to cover such work," with an increase in the premium to cover the payroll of. such work. Notwithstanding the limitation of the schedule to "sewer construction" and its reference to the rating of sewer construction employees, we think that the work of sewer maintenance and cleaning was additional "work at the location or locations specifically described in the schedule of the policy . . . not included in said schedule" and not specifically eliminated from coverage. The only specification of the location was "Taunton and vicinity." Accordingly, the plaintiff is entitled to recover an additional premium upon this policy, and there was error in the ruling to the contrary. The bill of exceptions does not enable us to compute the amount.

The exceptions are sustained, and judgment is to be entered upon the finding with the addition required by this opinion.

*So ordered.*