The plaintiff seeks to recover a balance alleged to be due for premiums on workmen's compensation insurance policies under which the plaintiff insured the defendant between January 1, 1936 and May 13, 1937.
The plaintiff is entitled to recover premiums for such risks as were assumed by it under the policies, and the question is whether the plaintiff was liable under the policies for injuries to employees engaged in the defendant's Frigidaire servicing business.
The plaintiff's liability under the policies is to be measured by the provisions of the policies and not by the extent of the defendant's liability to his employees. Miller Bros. Cons. Co.vs. Maryland Casualty Co., 113 Conn. 504.
One of the means by which the plaintiff's liability was limited was the specification of business operations contained in the declarations, and paragraph 6 of the policies restricts the risk undertaken by the plaintiff as follows: "This agreement shall apply to such injuries so sustained by reason of thebusiness operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work-places defined and described in said declarations, or elsewhere, in connection with, or in relation to such work-places."
The same limitation is recognized in paragraphs 5 and 7A, which bear on the ascertainment and computation of the premium.
Paragraph 5 provides: "This agreement shall apply to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the *Page 339 
total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted."
Paragraph 7A provides: "The premium is based upon the entire remuneration earned, during the policy period, by all employees of this Employer engaged in the business operationsdescribed in said declarations, together with all operations necessary, incident or appurtenant thereto, or connected therewith, whether conducted at such work-places or elsewhere in connection therewith or in relation thereto. . . If any operationsas above defined are undertaken by this Employer but are not described or rated in said Declarations, this Employer agrees to pay the premium thereon . . ."
The business operations described in the declarations are (a) plumbing, (b) sheet metal work erection, (c) hardware stores — wholesale or retail. Following this classification of business operations is an enumeration and description of the various types of employees covered by the policies, followed by item 4 of the declarations, which provides: "The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection withthe business operations above described to whom remuneration of any nature in consideration of service is paid, allowed, or due, together with an estimate for the policy period of all such remuneration."
The Frigidaire servicing business was operated by the defendant as a separate and distinct business, conducted in a separate store and with entirely different employees, payrolls and hazards. The failure to include Frigidaire servicing in the classification of business operations in the declarations was not inadvertent, but was the result of express instructions given by the defendant to the broker who prepared the policies that the defendant did not wish to have the employees in the Frigidaire servicing business covered by the policies; and that these were the circumstances under which the policies were prepared and issued is further borne out by the fact that on a number of occasions during the life of the policies, when employees engaged in the Frigidaire servicing business sustained injuries, the defendant paid for the necessary medical care and also paid the wages of the employees during the respective periods of disability.
Frigidaire servicing was no part of the regular business conducted *Page 340 
by the defendant at the work-place where he conducted his plumbing, sheet metal and hardware business, nor was Frigidaire servicing necessary, incident, appurtenant to, or connected with the business operations described in the declarations. The plaintiff's liability under the policies did not, therefore, extend to employees engaged in the Frigidaire servicing business. Continental Casualty Co. vs. Woerpel,190 Wis. 122, 208 N.W. 882, 45 A.L.R. 1323; Maryland CasualtyCo. vs. City of Taunton (Mass. 1936) 200 N.E. 775.
It was permissible for the defendant, if he so chose, to insure the employees of each business under separate and distinct policies, or to insure the employees of one business and not those of the other. The plaintiff's liability was governed by the terms of its policies and was not extended by reason of the fact that the defendant carried no insurance covering the employees of the Frigidaire servicing business. New AmsterdamCasualty Co. vs. Hosch, ___ Tex. ___, 78 S.W.2d 633.
Nor was the risk assumed by the plaintiff extended because of the fact that the declarations did not correctly state that the defendant was conducting business operations other than those disclosed. Maryland Casualty Co. vs. City of Taunton,supra.
 An unpaid balance of $53.52 is due to the plaintiff which is not in dispute, and judgment may enter for the plaintiff to recover $53.52 damages, and interest amounting to $4.11, or a total of $57.63, and costs.