THE FIDELITY AND CASUALTY COMPANY OF NEW YORK *vs.* BENJAMIN C. COOK.

Berkshire.   September 20, 1938. — October 25, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Insurance*, Premium, Workmen's compensation insurance.

Under a workmen's compensation policy of insurance requiring payment of a premium based on "the entire remuneration earned . . . by all employees . . . engaged in the business operations described in . . . declarations together with all operations necessary, incident or appurtenant thereto or connected therewith," a dealer in ice who carried on as one business the selling, harvesting and storing of ice and used the same employees interchangeably in all the operations, was required to pay a premium based on wages paid for harvesting

and storing, as well as for selling, ice, although the insurer had refused to issue a policy covering harvesting and storing and the declarations of the policy expressly excluded those operations.

CONTRACT. Writ in the Superior Court dated July 20, 1935.

The action was heard by *Burns, J.,* who found for the plaintiff in the sum of $208.70. The defendant alleged exceptions.

*W. A. O'Hearn,* for the defendant.

*P. Stoelzel,* for the plaintiff, submitted a brief.

LUMMUS, J. The defendant, a dealer in ice, obtained from the plaintiff insurance under the workmen's compensation act for one year ending February 1, 1934. He not only sold ice, but also harvested and stored it. The plaintiff refused to issue to the defendant a policy covering harvesting and storing. The "declarations," upon which the estimated premium was computed, expressly excluded harvesting and storing. The policy declared, what both parties apparently knew to be untrue unless read with the exclusion of harvesting and storing, that "this employer is conducting no other business operations at this or any other location not herein disclosed." But the policy covered all payments required under the workmen's compensation act because of the obligation "imposed upon or accepted by this employer," the defendant, and insured and secured "to this employer the rights, privileges, and immunities of an insured or insured person under" the workmen's compensation act. The policy was to "apply to such injuries so sustained by reason of the business operations described in said declarations which for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith." The premium was to be "based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant thereto or connected therewith." Adjustment of premium was to be made at the end of the policy period.

Only two losses occurred under the policy, and neither

concerned the harvesting or storing of ice. But the plaintiff brought this action for the balance of a premium which was computed upon the wages paid in harvesting and storing as well as other operations. The judge found that the same employees were used interchangeably in selling ice and in harvesting and storing it, and that all the operations were carried on as one business, although as a matter of bookkeeping the cost of harvesting and storing was kept as a separate item. Subject to exception by the defendant, the judge ruled that upon the policy and his findings the whole premium claimed was due. He found for the plaintiff for the full sum claimed.

Upon the facts found, the insurance covered the entire business conducted as a unit, no matter how carefully the parties tried to limit the policy to a part of the business. *Cox's Case,* 225 Mass. 220, 223 *et seq. Shannon's Case,* 274 Mass. 92. *Wright's Case,* 291 Mass. 334. Nothing to the contrary appears in *Maryland Casualty Co.* v. *Taunton,* 294 Mass. 69. Although the parties thought that the defendant was not insured as to harvesting and storing ice, he was in fact so insured, and owes the premium for that insurance, for under the policy the premium was based upon the wages paid to all employees engaged in the business operations described in the declarations or "necessary, incident or appurtenant thereto or connected therewith."

*Exceptions overruled.*