## FIORINDO CASTAGNA'S CASE.

Berkshire.    September 16, 1941. — November 25, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act,* To whom act applies, Injuries to which
act applies, Public employees, Insurance coverage. *Contract,* Of em-
ployment. *Agency,* What constitutes. *Insurance,* Workmen's com-
pensation insurance. *Words,* "Members of a . . . fire force."

Evidence warranted a finding that a general laborer in the highway de-
partment of a town remained an employee of the town within § 1 (4)
of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, and of
§ 26 as amended by St. 1937, c. 370, § 1, while fighting a fire on pri-
vate land by authorized order of the town's road superintendent.

The provisions of § 69 of the workmen's compensation act, G. L. (Ter.
Ed.) c. 152, as amended by St. 1936, c. 403, excluding from the opera-
tion of the act "members of a . . . fire force," and of §§ 81, 82, of
c. 48, providing relief to firemen injured in the performance of their
duties, including "any person performing the duties of a fireman in a
town having no organized fire department," did not preclude the
recovery of compensation under the act by one who was a general
laborer in the highway department of a town which had neither fire
fighting apparatus nor a fire department, and who was injured while
. fighting a fire on private land under an authorized order of the town's
road superintendent.

The mere fact, that a policy of workmen's compensation insurance issued
to a town set forth, as the "classification of operations" covered by
it, street or road work commonly performed by laborers in the town's
highway department, did not preclude the recovery of compensation
under the act by such a laborer for injuries sustained while fighting
a fire on private land under an authorized order of the town's road
superintendent.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board.

A decree in accordance with the decision of the board was
entered by order of *Burns,* J.

*F. M. Myers,* (*J. A. Bowes* with him,) for New Amster-
dam Casualty Company.

*J. N. Alberti,* (*C. R. Alberti* with him,) for the claimant.

*G. R. McCormick,* for Globe Indemnity Company.

*M. B. Warner*, for the town of Richmond, submitted a brief.

DOLAN, J. This workmen's compensation case comes before us on the appeal of the New Amsterdam Casualty Company, the insurer of the town of Richmond, from the decree entered in the Superior Court awarding compensation to be paid by that company in accordance with the decision of the Industrial Accident Board, and on the appeal of the claimant "from that portion of the final decree which dismisses his claim" against Antonio, Peter and Martin Malnati and their insurer, the Globe Indemnity Company.

The findings of the single member of the board were adopted and affirmed by the reviewing board, which also found that the claimant's injuries arose out of and in the course of his employment. The facts found are substantially as follows: The employee, hereinafter referred to as the claimant, was a general laborer in the highway department of the town of Richmond. His employment by the town was seasonal, beginning generally in April and ending sometime in the fall. During the winter he and other employees would be called for service when there had been heavy snow storms.

In the late afternoon of August 19, 1938, a fire broke out in the barn of the Richmond Farm, located in the town of Richmond. The farm was "either owned or managed and controlled" by the Malnatis before referred to. The town had neither fire fighting apparatus nor a fire department. The fire departments of two or three neighboring towns together with several citizens and officials of the town assisted in the work of putting out the fire. As a result of a conference between one Fairfield, the chairman of the board of selectmen of the town, and one Whitcomb, who was a selectman of the town, its road superintendent ordered five of the town's employees, of whom the claimant was one, to proceed to the farm and assist in putting out the fire. The claimant arrived at the farm at about 8 A.M. on August 20, 1938, and joined several men who were inside the barn in an effort to put out the fire. About 10 A.M. he fell from

a scaffold over a hole in the hayloft onto a concrete floor nearly twenty feet below, sustaining injuries which resulted in total incapacity.

The claimant had made no arrangements with the Malnatis concerning his work on the day in question. He was not promised nor did he expect to be paid by them. The town's highway superintendent was authorized to order him to help fight the fire. There was no understanding, agreement or arrangement between the town officials and the owners of the farm about payment by the owners of the farm for his services. He did not become an employee of the owners of the Richmond Farm but at the time he sustained his injuries he was an employee of the town of Richmond. It was agreed that the claimant's average weekly wage paid by the town was $20. There was evidence that he was not paid by the town on the day he was injured.

The town's insurer (hereinafter referred to as the insurer) contends that the claimant was not an employee of the town at the time he sustained his injuries, because he had been lent to the Malnatis and was under their direction and control at that time, and that G. L. (Ter. Ed.) c. 152, § 26, as amended by St. 1937, c. 370, § 1, under the terms of which a person is conclusively presumed to be an employee and entitled to compensation if he is injured when acting under orders in performing a task that is outside the usual course of his employer's business, does not apply to lent employees. It is established, however, that under the workmen's compensation act there must be a contract of hire express or implied, oral or written, before one can be an employee of another within the meaning of the act. G. L. (Ter. Ed.) c. 152, § 1 (4), as amended by St. 1935, c. 406. *Scordis's Case*, 305 Mass. 94, 98. *Wanders's Case*, 308 Mass. 157, 159, 160. The finding of the board that the claimant was an employee of the town when injured must stand if there is any evidence to support it. There was conflicting evidence with reference to whether there was any talk with the Malnatis about payment by them for the services of the men sent by the town to assist in putting out the fire. There was evidence, however, which

the board could believe and which would warrant the findings that no arrangement was ever made by the Malnatis with the claimant or the representatives of the town for payment by the Malnatis for the services of the claimant and that there was no contract of employment between the Malnatis and the claimant. *Scordis's Case*, 305 Mass. 94, 97–98. The fact that the claimant was not paid that day by the town is not decisive of the question whether he ,was entitled to be paid by the town for his services on that day. The board could infer that he was so entitled, and we think it was warranted in finding that the claimant was not an employee of the Malnatis but was an employee of the.town within the meaning of G. L. (Ter. Ed.) c. 152, §§ 1 (4) and 26, as amended, when he sustained his injuries.

It is true, of course, that under c. 152 a personal injury in order to be compensable must arise out of and in the course of the employee's employment. This, however, does not mean that the injury must occur in the usual course of the employer's business, and where in a case like this the injury is sustained by the employee while doing an act which is not in the usual course of the employer's business, but which the employee does by direction of his employer, he is conclusively presumed to be the latter's employee in so doing. G. L. (Ter. Ed.) c. 152, § 26, as amended. In the instant case the board found that the claimant was assisting in putting out the fire at the time of his injury by order of his employer, the town. This action of the town was within its authority. *Long* v. *Sargent*, 101 Mass. 117, 118. The finding of the board that the claimant's injury arose out of and in the course of his employment was warranted. *Stakonis* v. *United Advertising Corp.* 110 Conn. 384. *Engels Copper Mining Co.* v. *Industrial Accident Commission*, 183 Cal. 714.

The insurer further contends that, even if the findings of the board that the claimant was an employee of the town at the time of his injury and that his injury arose out of and in the course of his employment are correct, he cannot recover compensation "because at the time of his injury he was, on the board's findings, a member of a 'fire force,'"

and as such was excepted from the operation of the provisions of the workmen's compensation act relating to employees of a town. In support of this contention the insurer argues that the provisions of § 69, as amended by St. 1936, c. 403, excepting from the operation of the act "members of a . . . fire force" are of broad and sweeping import, and that they were used by the Legislature in the light of G. L. (Ter. Ed.) c. 48, §§ 81 and 82, which provide for relief to firemen injured in the performance of their duties, including also "any person performing the duties of a fireman in a town having no organized fire department."

We are of opinion, however, that the words in § 69, as so amended, "members of a . . . fire force," were intended by the Legislature to refer to members of a force, comprising the fire department of a city or town, and that they were not intended to except from the operation of the act a person in the position of the claimant. The claimant was a laborer, and we think that it cannot be said his status as such changed when, by direction of his employer, he worked in assisting to put out the fire and was injured. See *McPhee's Case*, 222 Mass. 1. He was not a member of a force comprising a fire department. See *Devney's Case*, 223 Mass. 270; 10 Am. L. R. 201 and cases cited. Notwithstanding the provisions of G. L. (Ter. Ed.) c. 48, § 82, providing for relief to any person performing the duties of a fireman in a town having no organized fire department, we are of opinion that in the work that the claimant was doing he still remained an employee of the town within the meaning of §§ 1 (4) and 26, as amended. See *La Belle* v. *Village of Grosse Pointe Shores*, 201 Mich. 371. The act "is to be interpreted in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design." *Young* v. *Duncan*, 218 Mass. 346, 349. It was intended to be of general application and to include all who are therein described as employees. *Slavinsky* v. *National Bottling Torah Co.* 267 Mass. 319, 321. In the absence as here of specific provision to the contrary, the claimant is entitled to its benefits. What has already been said disposes of the insurer's contention that the

claimant when injured was not engaged in any work that was listed in the "classification of operations" set forth in the policy, which included street or road work commonly performed by the claimant. See *Cox's Case*, 225 Mass. 220; *Fidelity & Casualty Co. of New York* v. *Cook*, 301 Mass. 305, 307, and cases cited; 5 Op. Atty. Gen. 73, 76.

There was no harmful error in the action of the board in allowing the insurer's request that "The test to determine who was the employer of Castagna at the time of his injury is 'Who had the direction and control of the employee, and to whom did he owe obedience in respect to his employment,'" and at the same time adopting the findings and decision of the single member. The result reached was right. See *Weidman* v. *Weidman*, 274 Mass. 118, 125.

*Decree affirmed.*