WILLIAM H. ABBOTT *vs.* LINK-BELT COMPANY.

Hampden.    September 21, 1949. — November 3, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Common employment, Action against third person, Employee of independent contractor, To whom act applies. *Agency*, What constitutes, Lent employee. *Contract*, Of employment. *Actionable Tort. Negligence*, Machinery, Contributory. *Practice, Civil*, Stipulation, Pre-trial procedure.

Adjustment and repair of a conveyor device on premises of a manufacturer of electrical appliances, done by an independent contractor customarily employed by the manufacturer to do such work for him, could properly be found to have been "merely ancillary and incidental

to" and "no part of or process in" the business of the manufacturer within G. L. (Ter. Ed.) c. 152, § 18, as amended; and § 18 was not a bar to an action under § 15, as appearing in St. 1943, c. 432, against the independent contractor by an employee of the manufacturer injured through the independent contractor's negligence.

An action under G. L. (Ter. Ed.) c. 152, § 15, as appearing in St. 1943, c. 432, by one in the general employment of a manufacturer, a self insurer under the workmen's compensation act, against an independent contractor, insured under that act, for personal injuries sustained by the plaintiff through negligence of the independent contractor while the plaintiff was working with him and under his direction in the performance of work which the manufacturer had engaged the independent contractor to do, was not barred by want of notice by the plaintiff under § 24, as amended by St. 1943, c. 529, § 6, of claim of right of action at common law, unless the plaintiff in so working had become an employee of the independent contractor within § 1 (4).

A statement in a pre-trial order that a certain fact "is agreed" was a "stipulation" within Rule 57A of the Superior Court (adopted April 9, 1938), and bound the parties.

Evidence, that while an independent contractor was engaged in work for and on the premises of a manufacturer, the manufacturer ordered one in his general employ to assist the independent contractor in such work and to do whatever the independent contractor told him to do, and that the employee so assisted the independent contractor but was never on his payroll in connection therewith, without evidence that the employee ever assented to becoming an employee of the independent contractor, did not require a ruling that for the purposes of such work the employee was an employee of the independent contractor within G. L. (Ter. Ed.) c. 152, § 1 (4).

Evidence, that a workman having no experience or knowledge of the cleaning of a drum forming part of a conveyor device was ordered by his superior, an expert respecting such machinery, to clean the drum while it was in motion, without being warned of danger attendant thereon, that the machinery should have been stopped for cleaning because it was unsafe to clean it while it was in motion, and that while the workman was attempting to carry out such order his fingers were caught between the drum and the belt of the conveyor, warranted a finding of negligence on the part of the superior toward the workman, and did not require a ruling that the workman was guilty of contributory negligence.

TORT. Writ in the Superior Court dated May 29, 1945.

The case was tried before *Leary*, J. There was a verdict for the plaintiff, and the defendant alleged exceptions.

In this court the case was submitted on briefs.

*R. S. Spooner, A. E. Quimby, & M. J. Aldrich*, for the defendant.

*D. B. Wallace, F. M. Collins, & F. S. Pillsbury,* for the plaintiff.

LUMMUS, J. On May 17, 1944, the defendant corporation was insured under the workmen's compensation act, and was engaged in the adjustment and repair of a conveyor device on the premises of Westinghouse Electric and Manufacturing Company (hereinafter called Westinghouse) which was a self insurer under that act and had hired the defendant to do the work. The plaintiff was in the employ of Westinghouse, which instructed him to work with one Goetz, an employee of the defendant. Goetz told the plaintiff to take a metal tool and scrape a drum. The plaintiff did so, with the result that his fingers were caught between the drum and the belt, and his arm was so injured that it had to be amputated. In this action of tort the plaintiff got a verdict. The case is here on the defendant's exceptions.

At the time of the accident the plaintiff was working under the directions of Goetz. The plaintiff testified that Goetz told him to do what he was doing, and that "he was supposed to do whatever Goetz told him as if by his own foreman," and that no warning was given him of any hard substance on the drum. He testified that he had never done work on a moving conveyor before, nor had he ever cleaned the pulley or drum before or seen others do it.

The plaintiff was paid workmen's compensation by Westinghouse the day after the accident and afterwards. The evidence was that Westinghouse manufactured electrical appliances, and did not make or install conveyor systems. For any considerable repair of the conveyor system Westinghouse employed the defendant.

This action is brought under G. L. (Ter. Ed.) c. 152, § 15, as appearing in St. 1943, c. 432, which provides that where a compensable injury is received for which "some person other than the insured" is liable in damages, and the insurer pays compensation therefor within six months after the injury (as Westinghouse did in this case), and the insurer does not sue such other person within nine months after the injury (as Westinghouse did not in this case), the

employee may sue such other person for damages. But by G. L. (Ter. Ed.) c. 152, § 18, as amended by St. 1939, c. 93, an insurer must compensate the employees of an independent contractor working for the insured as though they were the employees of the insured, unless the work done is "merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured." In the present case, the evidence warranted a finding that the work being done at the time of the accident was "merely ancillary and incidental" to the business of Westinghouse, and not "part of or process in" it. The work being done was not a minor affair, but was such as the defendant was regularly employed to do. The case of *Meehan* v. *Gordon,* 307 Mass. 59, is like the present case on the facts. See also *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150, 154; *Cannon* v. *Crowley,* 318 Mass. 373, 377; *Dubois* v. *Soule Mill,* 323 Mass. 472, 475.

By G. L. (Ter. Ed.) c. 152, § 24, as amended by St. 1943, c. 529, § 6, an employee waives any right of action against an insured employer unless at the time of hiring he gave his employer written notice that he claimed such right of action. The plaintiff in this case gave no such notice to either Westinghouse or the defendant. But the want of notice does not bar this action unless the plaintiff became an employee of the defendant, and to be an employee the plaintiff had to be in the service of the defendant under a contract of hire. G. L. (Ter. Ed.) c. 152, § 1 (4). The defendant contends that as matter of law the plaintiff was lent to the defendant, and became the defendant's servant. It is true, that it has been laid down that "when one person lends his servant to another for a particular employment, the servant for anything done in that particular employment must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him." *Hasty* v. *Sears,* 157 Mass. 123, 124. *Samuelian* v. *American Tool & Machine Co.* 168 Mass. 12. *Driscoll* v. *Towle,* 181 Mass. 416. *Delory* v. *Blodgett,* 185 Mass. 126. *Munsie* v. *Springfield Breweries Co.* 200 Mass. 79. *Shepard*

v. *Jacobs*, 204 Mass. 110. *Wall's Case*, 293 Mass. 93. But to become the servant of the man to whom he is lent, the servant must assent to the change in his employer. *Berry v. New York Central & Hudson River Railroad*, 202 Mass. 197. *Sprague* v. *General Electric Co.* 213 Mass. 375, 378. *Donnelly's Case*, 304 Mass. 514. *Scordis's Case*, 305 Mass. 94. *Castagna's Case*, 310 Mass. 325. There was evidence that the plaintiff had worked for Westinghouse ever since 1929, that his own foreman at Westinghouse told him to work with Goetz and to do whatever Goetz wished him to do, and that the plaintiff was never on the payroll of the defendant. There was no evidence that the plaintiff ever assented to becoming a servant of the defendant. The pretrial order, which was read to the jury, stated that "it is agreed that at the date of the accident the plaintiff was in the employ of" Westinghouse. This was a "stipulation" under Rule 57A of the Superior Court (adopted April 9, 1938), which bound the parties. *Doherty* v. *Shea*, 320 Mass. 173, 174–175. *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76, 80. We think the evidence was ample to warrant a finding that the plaintiff at the time of the accident had not become the servant of the defendant but remained the servant of Westinghouse exclusively. By finding for the plaintiff, the jury impliedly so found.

The evidence warranted a finding that the defendant, through its servant Goetz, was negligent toward the plaintiff. Goetz was an expert with many years of experience upon machinery like that involved in this case. There was expert testimony that the machinery should have been stopped before being cleaned, and that it was unsafe to clean it while in motion. Goetz testified that the plaintiff was obeying his orders. The plaintiff testified that Goetz told him to do what he was doing when he was hurt, and told him that "I [Goetz] will be down the other end doing the same thing."

The evidence did not require a finding that the plaintiff was guilty of contributory negligence. He was not a mechanic. He reasonably relied on the directions of Goetz, who

was an expert. The burden of proof of contributory negligence was on the defendant. *Perry* v. *Boston Elevated Railway*, 322 Mass. 206, 209, 210. The question was for the jury.

The defendant contends that the judge erred in refusing three requested instructions. The first one is, "If the Westinghouse company loaned the plaintiff to the defendant, then the plaintiff is not entitled to recover." That request was rightly refused. The plaintiff would not be barred from recovery unless he assented to becoming the servant of the defendant and ceasing to be the servant of Westinghouse for the purpose of the particular work. The second one in substance is that if the plaintiff was actually under the direction of Goetz he cannot recover for the defendant's negligence. There was no error in refusing that request, because the plaintiff could be under the direction of Goetz without being a servant of the defendant. The third one is substantially like the second, and was properly refused for the same reason. The defendant also complains of the charge, but the record does not show that he excepted to it.

*Exceptions overruled.*