CLYDE BROOKS'S CASE.

Suffolk.   December 2, 1958. — March 13, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Workmen's Compensation Act,* Identity of employer.   *Contract,* Of employment.   *Agency,* Lent employee.

Where it appeared in a workmen's compensation case that the claimant
had worked for and had been paid by a realty trust for about ten
years and had been told by its manager, his boss there, that the trust
and a company of which the manager was the president and manager
were the same outfit, that the claimant, on instructions of his boss,
willingly had been doing errands once or twice a month for several
years for the person in immediate charge of the company and was on
such an errand when he was injured, and that the company never paid
wages to the claimant or reimbursed the trust for any of his wages,
it was not shown that the claimant had assented to becoming an employee of the company or had entered into a contract of employment,
expressly or impliedly, with it, and as matter of law he was not an
employee of the company but was an employee of the trust at the
time of his injury and his compensation was payable by the insurer
of the trust rather than by the insurer of the company.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensation act.

The case was heard by *Smith,* J.

*Edward C. Uehlein,* for the Old Colony Insurance Company.

*Edward R. Langenbach,* for Continental Casualty Company.

*Henry Gesmer & Marvin N. Geller,* for the claimant, submitted a brief.

COUNIHAN, J.   It was agreed that on March 9, 1956, the
employee sustained an injury to his head during the course
of his employment.   At that time the Clements Realty Trust
Company, hereinafter called Clements, was insured under
the workmen's compensation act, G. L. c. 152, by the Old

Colony Insurance Company, hereinafter called Old Colony, and the Massachusetts Gas & Electric Light Supply Company, hereinafter called Massachusetts Gas, was insured under the same act by the Continental Casualty Company, hereinafter called Continental. It was further agreed that Charles Weinrib was the president and manager of Massachusetts Gas and manager of Clements, and that the employee's weekly wage of $54.84 was paid at the time of the accident by Clements without reimbursement by Massachusetts Gas.

The only issue before us is whether the claimant was an employee of Clements or of Massachusetts Gas at the time he sustained injury. The single member found that he was in the employ of Massachusetts Gas and ordered that Continental make compensation payments. The finding was affirmed and adopted by the board of review. Upon certification to the Superior Court the judge ruled "That the employee, Clyde Brooks, did not enter into a contract of employment, expressly or impliedly, with . . . [Massachusetts Gas], nor did he assent to become an employee of . . . [Massachusetts Gas] under any contract of employment, and that [a]s matter of law, on the facts found by the single member and affirmed by the reviewing board he, the said Brooks, was not at the time of his injury an employee of . . . [Massachusetts Gas], but an employee of" Clements. He entered a decree ordering Old Colony to make compensation payments. There was no error.

The facts may be summarized as follows: The claimant had worked for Clements for about ten years. His duties there included plumbing, steam fitting and general maintenance work in three buildings owned by Clements. Massachusetts Gas and Clements occupied quarters in one of these buildings. The employee was told by Weinrib that Clements and Massachusetts Gas were the same outfit and not to worry about his workmen's compensation coverage. Once or twice a month he did errands for one Polcari who appeared to be in immediate charge of Massachusetts Gas under Weinrib. The claimant had been doing this for sev-

eral years on instructions of Weinrib. On the morning of March 9 at the request of Polcari he went to the Hood Rubber Company in Watertown to deliver "some stuff." He returned about 11:30 A.M. and relieved the elevator man. He picked up some pipe in Boston and went to the Chicago Freight Yard in South Boston in a beach wagon to deliver it. He stopped behind a truck, and then he pulled the beach wagon forward to let a van come through. As he did so he struck a pole and was severely injured.

The single member found that the claimant impliedly assented to the loan of his services to Massachusetts Gas by continuing to work for this company when requested and as we have said ordered Continental to pay. This decision, as we have also said, was affirmed and adopted by the reviewing board. We are of opinion that the ruling of the judge of the Superior Court and the decree entered were correct.

The willingness of the employee to work under the direction of Polcari of Massachusetts Gas did not of itself make him its employee. He must also assent to becoming the employee of the new employer, Massachusetts Gas, and to become an employee of the new employer he must enter into a contract of employment, express or implied, with that new employer. G. L. c. 152, § 1 (4), as amended by St. 1947, c. 215. *Sargentelli's Case*, 331 Mass. 193, 195.

Consent of an employee to become the servant of one to whom he is lent is a necessary element. And obviously he could not be held to have entered into a contract of employment if he had not assented to such employment. *Abbott* v. *Link-Belt Co.* 324 Mass. 673, 677. Moreover he was told by Weinrib that Clements and Massachusetts Gas were the same outfit so that naturally he would not object to working for either because no change in his employment was contemplated and he lost no rights as an employee of Clements. He continued to do work for Massachusetts Gas under instructions from Weinrib who was his boss at Clements and who could at any time terminate anything the employee was doing for Massachusetts Gas. In other words, he continued at all times to be under the control of Clements.

It is significant that G. L. c. 152, § 1 (4), defines an employee as every person in the service of another under any contract of hire, express or implied, oral or written, with exceptions not here material. No payment to the employee by way of wages was ever made by Massachusetts Gas. He was continuously on the payroll of Clements. No reimbursement to Clements for wages paid the employee by Clements was ever made by Massachusetts Gas.

Reasonable costs of attorney's fees, briefs and other necessary expenses resulting from the appeal which was taken by one of the insurers are to be allowed by the single justice to the employee under G. L. c. 152, § 11A, inserted by St. 1945, c. 444, as amended.

*Decree affirmed.*