*Southern District*

## GEORGE E. BEARCE, EXECUTOR OF THE ESTATE OF GEORGE GABRIEL

### v.

## BRADLEE'S, INC.

Argued: May 17, 1972 - Decided: Sept. 30, 1972

*Present:* Murphy, P.J., Lee, Sullivan, JJ.

Case tried to *Doyle, J.* on June 17, 1971 in the District Court of East Norfolk, No. 43436.

**Sullivan, J.** This is an action in tort for negligence in which the defendant, Bradlee's, Inc., relied solely upon the defense of "common employment".* Bradlee's engaged a detective agency to protect its warehouse property. An employee of the detective agency was injured while at his work in the warehouse. The employee would be barred from recovery against Bradlee's if he were a "common employee". He would be a "common employee" if his work was "part of or process in" the business carried on by Bradlee's. The trial judge found that he was not a "common employee" and awarded plaintiff $7500.00.

The single issue on appeal is whether the evidence required a finding for the defendant. A finding for the defendant would be required if, as a matter of law, the employee's work was part of Bradlee's business. This would be a matter of law only if the work was "plainly" part of the business. It is our opinion that the work being done was not "plainly" part of Bradlee's work, therefore, a finding for the defendant was not required and this report should be dismissed.

---

* See: G.L. c. 152, §§ 15 and 18 as to liability to employees of independent contractors.

The reported evidence is as follows. Plaintiff's decedent, George Gabriel, was an employee of Watts Detective Agency. He was injured when a fork-lift truck, operated by an employee of Bradlee's, struck the desk at which he was seated. The accident happened in December, 1965, while Gabriel was performing work in accordance with a 1963 contract which required Watts to provide security and protection for Bradlee's property at the warehouse. Bradlee's business is that of merchandising and selling household and commercial goods. The warehouse served as a distributing point for retail outlets throughout New England, and had in excess of two million dollars in inventory at the time of the injury. Security and protection at the warehouse was the sole responsibility of the Detective Agency. At Bradlee's retail outlets, security and protection services were performed by seven other individuals who were paid by Stop & Shop, Inc. and were subject to supervisory control by employees of either Bradlee's or Stop & Shop.

It was stipulated that Bradlee's had Workmen's Compensation Insurance under General Laws, Chapter 152 and that a finding for the plaintiff was warranted subject to the defendant sustaining the burden of proving the "defense of common employment".

Section 18 of General Laws, Chapter 152, requires that an employee of a sub-contractor

shall be considered an employee of the principal contractor if the contract calls for work that is "part of or process in" the business being carried on by the principal contractor. Thus the term "common employee". Section 18 further provides that it shall not apply if the contract is "merely ancillary and incidental to" the business carried on by the principal contractor.

Section 15 of the same chapter allows an injured employee to pursue his rights under the Workmen's Compensation Act against his employer, or to pursue his common law rights against a third person, but not both. As related to this case, Bradlee's asserts that Section 18 makes Bradlee's the employer of Gabriel and that Section 15 does not authorize a law suit by the employee against the employer. Thus the "defense of common employment".

The defendant submitted four requests for rulings* which are now the subject of this ap-

---

* 1. The evidence requires a finding that the injuries to the plaintiff's decedent arose out of and in the course of employment which was part of or process in the trade or business carried on by the defendant.

2. The evidence requires a finding that the plaintiff is barred from recovery by General Laws Chapter 152, Sections 18 and 15.

3. The doctrine of common employment contained in General Laws Chapter 152, Section 18 bars the plaintiff from recovery against the defendant.

4. The evidence does not warrant a finding for the plaintiff.

peal. Each of the requests, in effect, calls for a ruling that "the evidence requires a finding for the defendant". Therefore, it is the defendant's contention that there was no factual determination to be made by the trial judge. In other words, the work being done by Gabriel was, *as a matter of law,* "part of or process in" the business being carried on by Bradlee's.

The trial judge denied the requests for rulings and found as, fact that the work was merely ancillary and incidental to rather than part of or process in the business carried on by Bradlee's. It was not error to deny the requests for rulings.

"Common employment" exists as a matter of law when the facts show that the work done is "plainly part of" the principal contractor's work; if the work done is not "plainly" part of the principal contractor's work or is not "plainly" incidental to it, there is a jury question. *Stewart* v. *Roy Bros., Inc.,* 358 Mass. 446. *McPadden* v. *W. T. Halloran Co.,* 338 Mass. 189, 192.

There are no Massachusetts decisions bearing directly on whether the work of "security and protection" is "plainly part of" a business operation. A particular work is not "plainly part of" the principal contractor's work merely because of it being necessary to the business, *Canton* v. *Winslow Bros. & Smith Co.,* 309 Mass. 150, 154, or because employees of the subcontractor and the principal con-

tractor work together, *Abbott* v. *Link-Belt Co.*, 324 Mass. 673, or because the principal contractor's employees could have done the same work, *Corbett's Case*, 270 Mass. 162, 166.

On the evidence, we are not certain whether the work being done was "part of" or "incidental to" the business of retail merchandising. To us, the work done was not "plainly" part of Bradlee's work. We conclude, therefore, that the existence of "common employment" was a question of fact and not a matter of law.

**The report is ordered dismissed.**

DUDLEY B. KILLAM and DAVID P. MURPHY
for the Plaintiff

JAMES D. CASEY and CHARLES J. O'MALLEY
for the Defendant