Elam, C.J.
In this action the plaintiff, Thomas E. Conroy, seeks in accordance with Ch. 800 of the Acts and Resolves of 1970, to recover from the defendant, City of Boston, an amount equal to the difference between his average weekly salary and the amount he had received and was entitled to receive in the future in workmen’s compensation benefits when he became disabled as a result of an incident that took place on April 23, 1979.
Early in the morning of April 23, 1979, the plaintiff was chasing an escaping prisoner at the Deer Island House of Correction when, according to the trial judge’s finding of fact, he (the plaintiff) slipped on some wet rocks and injured himself. He now seeks, in addition to his regular workmen’s compensation, those benefits provided under a special statute (Ch. 800 of the Acts and Resolves of 1970) to certain city and county employees who work in areas where there is a heightened risk of personal injury.
The trial judge denied defendant’s requests for rulings No. 4, “The evidence warrants a finding that the plaintiff while in the performance of his duty received bodily injury which resulted from an act of violence of a prisoner on April 23, 1979” and No. 6, “That the evidence warrants a finding that the plaintiff is entitled to benefits pursuant to Chapter 800 of the Acts and Resolves of 1970. ’ ’ It is our considered judgment that the judge erred in these rulings and that the requests should have been allowed. By denying these requests the court is ruling that as a matter of law there was no evidence to warrant recovery by the plaintiff. Bresnick v. Heath., 292 Mass. 293, 296 (1935). In Rummel v. Peters, 314 Mass. 504, 517 (1973), the court said:
It has been settled since Bresnick v. Heath that in a case tried without a jury the party having the burden of proof is entitled on request to a ruling that the evidence warrants a finding that the burden has been sustained, if that is true. Only in that way can he make sure that a decision against him is not based on an erroneous ground that on the evidence there is nothing for the fact-finding tribunal to consider. Failure to give such a ruling is equivalent to and implies a ruling that as a matter of law such a finding cannot be made.
Further, in Liberatore v. Framingham, 315 Mass. 538, 541 (1944), the court in part stated:
We repeat what has been said often enough to bring it home to all judges who sit without jury, that where a judge in making his decision does consider all of the evidence, and his decision does not result from *220 any conviction the evidence is insufficient as a matter of law, he need not hesitate to grant such a requested ruling if he believes it to be correct, instead of raising a really moot but dangerous question by refusing or ignoring it...
See further DiGesse v. Columbia Pontiac Co., Inc., 309 Mass. 99 (1975) for an excellent collection of cases on this subject.
The enactment of Chapter 800 of the Acts and Resolves of 1970 was a clear indication that the Massachusetts Legislature recognized the existence of a certain category of city and county employees whose work involved a high degree of risk of injury and therefore felt that such persons should be entitled to additional compensation when they receive injuries as a result of certain prescribed behavior. This category of employees, to begin with, is a limited one and there is no question that the plaintiff falls within it. The statute in question provides that:
Any employee of the City of Boston or the County of Suffolk who, while in the performance of his duty, receives bodily injury resulting from any act of violence of any patient or prisoner and who as a result of such injury is entitled to benefits under said Chapter one hundred fifty-two, shall be paid the difference between the weekly cash benefits under said chapter one hundred fifty two and his regular salary...
It would seem that it was the intent of the legislature to grant the aforementioned additional benefits to those employees of jails and houses of correction who might sustain injuries during an escape or an attempted escape from ajail or house of correction as well as an actual physical confrontation by an employee with an inmate or inmates of one of these institutions. We cannot conceive that the legislature would not have considered an escape or an attempted escape from a penal institution well within the meaning of “Any act of violence”.
As our Supreme Judicial Court has said on more than one occasion, “The general and familiar rule is that a statute must be interpreted according to the intent of the legislature ascertained from all of its words construed by the ordinary and approved use of language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” Registrar of Motor Vehicles v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 1981 Mass. Adv. Sh. 415, 420; Industrial Fin. Corp. v. State Tax Comm., 367 Mass. 360, 369 (1975); Board of Education v. Assessors of Worcester, 368 Mass. 511, 513 (1975).
It should be further noted that the purpose of Chapter 800 of the Acts and Resolves of 1970 was to modify the Workmen’s Compensation Act, G.L. c. 152 as it applies to a certain category of city and county employees. Our court has stated that said Chapter 152 should be interpreted in the light of its purpose and so far as reasonably may be to promote the accomplishment of its beneficent design. See Castagna’s Case, 310 Mass. 325, 329 (1941) and Collins Case, 342 Mass. 389, 392 in which the court stated:
The beneficent purpose of the state should not be permitted to fail because of the possibility of abuse of authority by those in public supervisory positions. It is a proceeding created by our statutes, enacted for the purpose of ameliorating the plight of an employee injured in the course and on account of his employment; in furtherance of the purpose of the act it is to be construed broadly to cover as many employees as possible.
It should follow then that by a similar interpretation of Chapter 800 of the Acts *221 and Resolves of 1970 the injury sustained by the plaintiff when he slipped and fell on some wet rocks while chasing an escaping prisoner was clearly the kind that the legislature intended to cover in its enactment of this statute.
The judgment for the defendant is hereby reversed and a finding for the plaintiff is to be entered in accordance with provisions of Chapter 800 of the Acts and Resolves of 1970.