JAMES E. LANGEVIN'S CASE.

Suffolk.    April 4, 1950. — May 25, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Identity of employer, What insurer liable. *Contract,* Of employment. *Agency,* What constitutes, Lent employee.

In a workmen's compensation case, where a determinative issue was whether the employee, when he sustained an admitted injury, was in the employ of H. estate or of C. Brothers, a finding by a reviewing board affirming a finding by a single member that at that time he was employed by H. estate was not warranted by uncontradicted evidence, if believed, that the employee had worked for H. estate for fourteen

years as a truck driver delivering coal and as a gardener, that his foreman there at times had told him to take his truck to C. Brothers and to work for them, that while working for C. Brothers he had reported nearly every morning to the H. estate foreman and had been told where he was to work that day, but that the manager or a foreman for C. Brothers had directed him in his work, that he had been paid by H. estate even when working for C. Brothers, that H. estate had charged C. Brothers for his work, that the two concerns were closely connected in ownership and worked in harmony, and that he sustained his injury at a time when, although he had taken his truck into the service of C. Brothers, he was not on the truck but was working with the C. Brothers foreman in a house shoring up a floor on a job being done by C. Brothers; and therefore a decree of the Superior Court in accordance with the decision of the reviewing board was reversed and the case was remanded to the Industrial Accident Board with directions to make findings on all the evidence as to employment of the employee by C. Brothers.

In a case under the workmen's compensation act, where a determinative issue was whether, at the time when the employee sustained an admitted injury, he was employed by H. estate or by C. Brothers and it appeared that by order of a board member under the provisions of § 15A of the act the insurer of H. estate was "presently paying" compensation to the employee "pending decision," and that a reviewing board had made a decision including a finding that H. estate was the employer at the time of the injury and also an order that the insurer of H. estate should continue to pay the compensation and a statement that such order "constitutes a final determination of the selection made under § 15A" that the insurer of H. estate "is the insurer to make compensation in this case," a decree of the Superior Court in accordance with the reviewing board's decision was reversed because the reported evidence did not warrant the finding that H. estate was the employer at the time of injury, the case was remanded for a determination on all the evidence respecting employment by C. Brothers, and it was also ordered that, if such employment were found, a finding should be made as to the amount of reimbursement due from the insurer of C. Brothers to the insurer of H. estate.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

A single member of the board stated as the "question" or issue being heard: "Whether the claimant on July 19, 1948, was an employee of the Jere Healey Estate, Inc., or an employee of Cashman Brothers." He also stated: "It was agreed that the employee sustained an injury arising out of and in the course of his employment on July 19, 1948,

that at this time (date of hearing) he was disabled and continued to be disabled. Under an order of a board member, under provisions of § 15A of the act, Maryland Casualty Company is presently paying weekly compensation to the employee at the rate of $24.93 plus $2.50 dependency, pending decision." He stated his conclusion as follows: "Upon all the evidence, I find and rule that the employee at the time he was injured on July 19, 1948, was an employee of the Jere Healey Estate, Inc. The insurer of this employer, Maryland Casualty Company, is ordered to continue to pay compensation as they have done heretofore in accordance with § 15A of the act. The claim against Aetna Casualty and Surety Company is dismissed."

A reviewing board on May 12, 1949, affirmed the findings, order and decision of the single member, ordered Maryland Casualty Company "to continue to pay to the employee" at the above rates, and stated: "This order, therefore, constitutes a final determination of the selection made under § 15A that Maryland Casualty Company is the insurer to make compensation in this case."

The case was heard in the Superior Court by *Good*, J. By his order a "final decree" was entered on November 15, 1949, dismissing the claim against Cashman Brothers "and/or" Aetna Casualty and Surety Company, from which Maryland Casualty Company appealed on December 2, 1949.

By order of the judge a "final decree" also was entered on December 16, 1949, "that the employee . . . at the time of his injury was an employee of the Estate of Jere Healey, Inc., and that the insurer of this employer, Maryland Casualty Company, is ordered to continue to pay" the employee at the above rates, "such payments to continue subject to the provisions of the act. The claim against Cashman Brothers and for [*sic*] Aetna Casualty and Surety Company is hereby dismissed." From this decree also Maryland Casualty Company appealed on January 3, 1950. There were no other appeals.

In its brief before this court, Maryland Casualty Com-

pany argued: "Upon consideration of all the evidence and of the law involved it is respectfully submitted that the decree entered in the Superior Court should be reversed; that Langevin at the time of his injury should be found to be an employee of Cashman Brothers and that·Aetna Casualty and Surety Company, the insurer of Cashman Brothers, should be ordered and directed to repay to Maryland Casualty Company such sums as it has thus far expended under the temporary order of a member of the Industrial Accident Board acting under § 15A of the workmen's compensation act and in addition pay such further compensation that may be due to the employee under the terms of the act."

*J. L. Fitzpatrick*, for Maryland Casualty Company.

No argument nor brief for the claimant or for Aetna Casualty and Surety Company.

LUMMUS, J.  The question in this case is whether the employee, when injured, was an employee of a corporation called the Jere Healey Estate, Inc., which was insured by Maryland Casualty Company, or of Cashman Brothers, a corporation, which was insured by Aetna Casualty and Surety Company.  The single member and the reviewing board held that the employee was an employee of Jere Healey Estate, Inc., and ordered Maryland Casualty Company to pay compensation.  The Superior Court entered a decree accordingly.  The insurer, Maryland Casualty Company, appealed.

General Laws (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1945, c. 369, defines "employee" as "every person in the service of another under any contract of hire, express or implied, oral or written," with certain immaterial exceptions.  If one at every moment, with respect to every detail, is bound to obedience and subject to direction and control, as distinguished from a right of inspection and insistence that the contract be performed or a right to designate the work to be done under the contract, then he is a servant or employee.  *McDermott's Case*, 283 Mass. 74, 76.

The evidence, which was not contradicted, may be summarized as follows.  The employee had worked for the Jere

Healey Estate, Inc., for fourteen years as a truck driver, delivering coal, and as a gardener. His foreman there, one Doyle, at times told him to take his truck to Cashman Brothers and to work for them. While working for Cashman Brothers, he reported nearly every morning to Doyle, and was told where he was to work that day. But the manager or a foreman for Cashman Brothers directed him in his work. He was hurt on July 19, 1948, while shoring up a floor in one Flynn's house, a job being done by Cashman Brothers. The employee and a foreman for Cashman Brothers were the only persons present. The employee was paid by the Jere Healey Estate, Inc., even when working for Cashman Brothers, and that estate charged Cashman Brothers for his work. The two corporations were closely connected in ownership, and worked in harmony.

The single member and the reviewing board found and ruled (*Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 718) that the relation of employer and employee existed between the Jere Healey Estate, Inc., and Langevin when he was hurt, and impliedly that it did not exist between Cashman Brothers and him. These findings were not warranted if the single member believed the uncontradicted evidence above described.

In *Coughlan* v. *Cambridge*, 166 Mass. 268, 277, this court said, "It is well settled that one who is the general servant of another may be lent or hired by his master to another for some special service, so as to become as to that service the servant of such third party. The test is whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired." In accord are many cases, but only a few need be cited. *Shepard* v. *Jacobs*, 204 Mass. 110, 111, 112. *Berry* v. *New York Central & Hudson River Railroad*, 202 Mass. 197, 202, 203. It is not decisive that he was paid by the one whose general servant he is. *Hasty* v. *Sears*, 157 Mass. 123, 124. And it is not decisive whether the one to whom he is lent or hired actually exercises control, if he has the

right to do so. *Delory* v. *Blodgett*, 185 Mass. 126, 128. The requirement that, to become the servant of the one to whom he is lent or hired, the servant must assent to the change of masters, is satisfied in the present case. *Abbott* v. *Link-Belt Co.* 324 Mass. 673, 677.

An exception to the foregoing general rule has been established in this Commonwealth. "Drivers of horses, automobiles, locomotives and perhaps other vehicles of travel, when lent with the vehicles presumptively remain the servants of the general employer and are subject to his control in so far as pertains to the care, management and preservation of the property." *Mahoney* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 8, 10–11. This exception has often been applied. *Wall's Case*, 293 Mass. 93. *Emack's Case*, 232 Mass. 596, 598. *Shepard* v. *Jacobs*, 204 Mass. 110, 112. *Dutton* v. *Amesbury National Bank*, 181 Mass. 154, 160, per Knowlton, J. The general rule is distinguished in *Pigeon's Case*, 216 Mass. 51, 54, by saying that "In that class of cases no property of the general employer was entrusted to the agent to be used in the service of the new employer." In the present case, although the employee took his truck into the service of Cashman Brothers, his injury did not take place while he was on the truck, but while he was working in a house. It was not connected with the care or management of the truck. In *Scribner's Case*, 231 Mass. 132, the employee of an ice company was lent with horses and a wagon to a coal company, but was hurt by being hit by a shovel in the hands of an employee of the coal company. Since the injury had no connection with the horses and wagon, it was held that the employee was in the service of the coal company. A similar result should be reached in the present case.

Pursuant to agreement and an order by the single member, the Maryland Casualty Company has been paying compensation to the employee under the provisions of § 15A of the workmen's compensation act, and now claims reimbursement from the Aetna Casualty and Surety Company. The decree is reversed, and the case is remanded to the Indus-

trial Accident Board with directions to make findings upon all the evidence as to employment of the employee by Cashman Brothers, and if such employment is found, as to the amount of reimbursement due to the Maryland Casualty Company from the Aetna Casualty and Surety Company under said § 15A, and for further proceedings not inconsistent with this opinion.                          *So ordered.*