MICHAEL SARGENTELLI'S CASE.

Worcester.  February 2, 3, 1954. — March 3, 1954.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act,* Identity of employer.  *Contract,* Of employment.  *Agency,* What constitutes, Lent employee.  *Evidence,* Presumptions and burden of proof, Relevancy and materiality.

In a workmen's compensation case following injury to a workman who was in the general employ of the proprietor of a plant at which equipment was installed by another and who sustained the injury while working on the installation under the direction of the installer, the insurer of the proprietor had the burden of proving that at the time of the injury the workman was in the employ of the installer.

Evidence in a workmen's compensation case warranted a finding by the Industrial Accident Board that a workman, who was in the general employ of the proprietor of a plant at which equipment was installed by another and who was injured while willingly working on the installation under the direction of the installer, was an employee of the proprietor and not of the installer at the time of injury.

On the issue in a workmen's compensation case whether a workman, who was in the general employ of the proprietor of a plant at which equipment was installed by another and who was injured while working on the installation, was an employee of the proprietor or of the installer at the time of injury, there was no error in excluding evidence that the installer's engineer had said that the workman "worked for" the installer.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Sullivan*, J.

*Philip Minor*, (*Thomas J. Donahue* with him,) for Liberty Mutual Insurance Company.

*Daniel A. Canning*, for New Amsterdam Casualty Company.

*Lee F. Burke*, for the claimant.

LUMMUS, J. It was agreed that the employee suffered a disabling injury to his head arising out of and in the course of his employment on November 14, 1950. At that time the Wyman-Gordon Company, hereinafter called Wyman, was insured by Liberty Mutual Insurance Company, hereinafter called Liberty, while the Verson All-Steel Press Company, hereinafter called Verson, was insured by New Amsterdam Casualty Company, hereinafter called New Amsterdam. The only question is whether the employee was an employee of Wyman or of Verson.

Two presses were being installed by Verson at the plant of Wyman. Verson had an engineer, but no workmen, at the plant, and obtained leave to use workmen employed by Wyman to do the work, agreeing to reimburse Wyman for their wages. The employee was one of the men selected to work under the direction of Verson. The reviewing board justifiably found that "the work comprised in the contract between Wyman and Verson was not part of nor process in the trade or business carried on by Wyman but was merely ancillary and incidental thereto and was to be undertaken to be performed on the premises of Wyman which premises were under its control and management." See G. L. (Ter. Ed.) c. 152, § 18, as amended by St. 1939, c. 93. Liberty does not contend to the contrary. The employees of Wyman assigned to duty for Verson continued to punch the Wyman time clock cards morning, noon and night as they had done. The board found that the employee was willing to work under the direction of Verson "but that his compliance did not create him employee of Verson." The board found and

ruled that Liberty has the burden of proving that the employee became an employee of Verson. The board found that the "employee when either asked, requested, told or ordered to work on the Verson job, did not assent to becoming an employee of Verson by complying therewith." The board found that the employee was an employee of Wyman, and that Liberty is the insurer liable to pay compensation.

The Superior Court entered a decree that the employee was not in the service of Verson, and dismissed his claim for compensation against New Amsterdam. Liberty appealed. Pending the decision Liberty undertook, without prejudice, to make the compensation payments.

The willingness of the employee to work under the direction of Verson did not of itself make him its employee. He must also assent to becoming the employee of the new employer, in this case Verson. *Abbott* v. *Link-Belt Co.* 324 Mass. 673, 677. *Langevin's Case*, 326 Mass. 43, 48. And to become an employee of the new employer, Verson, he must enter into a contract of employment, express or implied, with that new employer. G. L. (Ter. Ed.) c. 152, § 1 (4), as amended by St. 1947, c. 215. *Castagna's Case*, 310 Mass. 325, 327. We think there was no error in the ruling of the board that Liberty had the burden of proving that the employee became an employee of Verson. *Mersey Docks & Harbour Board* v. *Coggins & Griffith (Liverpool) Ltd.* [1947] A. C. 1, 10, 13. See also *Century Ins. Co. Ltd.* v. *Northern Ireland Road Transport Board*, [1942] A. C. 509; *Nicholas* v. *F. J. Sparkes & Son*, [1945] K. B. 309; *Girvan* v. *MacDonald*, [1951] 3 D. L. R. 92 (Nova Scotia Supreme Court). The finding of the board that at the time of the injury the employee was an employee of Wyman and not of Verson was a finding of fact which was not without support in the evidence. *McKeon's Case*, 326 Mass. 202, 203. *Karelis's Case*, 328 Mass. 224. We see no error in the exclusion of evidence that Verson's engineer once said that the employee "worked for" Verson. Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, shall be allowed by the single justice.

                                    *Decree affirmed.*