JOAN M. GALLOWAY'S CASE.

Suffolk. April 5, 1968. — June 5, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* Identity of employer, Injuries to which act applies, Incapacity. *Proximate Cause. Evidence,* Opinion: expert.

Evidence in a workmen's compensation case warranted findings by the reviewing board that the employee, who was registered as a clerk-typist with a business employment service which arranged temporary work for her with its customer and paid her wages when she reported the hours she had worked and then billed the customer, was an employee of the customer, on whose premises and with whose equipment and under whose direction she worked, when, while seating herself on a stenographer's chair, "it rolled away from her and she fell to the floor" and was injured. [429–430]

Medical testimony by a qualified expert in orthopedics in a workmen's compensation case, that the employee had sustained in a fall during the course of her employment as a clerk-typist an aggravation of a preëxisting disc condition in her back which ultimately led to surgery and that she was totally disabled for work as a clerk-typist, although she might do some work as a switchboard operator, warranted findings by the reviewing board that the employee's fall caused her disability and that the disability was total. [431]

Testimony in a workmen's compensation case by the injured employee, a clerk-typist temporarily employed at an hourly rate, warranted a finding by the reviewing board of the amount of her average weekly wage. [431]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Kalus,* J.

*Peter F. Macdonald* for the American Motorists Insurance Company.

*Daniel A. Canning* (*Christian J. Stier* with him) for the Travelers Insurance Company.

*Dwight L. Allison* (*Benjamin Rosales* with him) for the employee.

REARDON, J.   The American Motorists Insurance Company (American) appeals from a final decree of the Superior Court in accordance with the decision and award of the reviewing board which had previously affirmed and adopted the decision of the single member.   The claimant employee had filed two claims for compensation based on the same accident, one against American as insurer of Sylvania Electric Products (Sylvania), the other against the Travelers' Insurance Company (Travelers), the insurer of Certified Business Employment Service (Certified).   Before the single member, the insurers raised issues of whether on August 7, 1964, the employee was an employee of Sylvania or Certified, whether she sustained an injury on that date in the course of her employment and to what extent she was disabled, whether any disability was causally related to her injury, and the amount of her average weekly wage.   We examine the testimony to determine whether there is any evidence, including all rational inferences of which the evidence is susceptible, upon which the reviewing board could have made its finding.   If such evidence is in being "we do not disturb the finding unless it is vitiated by some error of law." *Josi's Case*, 324 Mass. 415, 416, and cases cited.

The evidence is as follows.   The employee was registered with Certified for employment in several capacities including clerk-typist and had, prior to July, 1964, secured employment through Certified.   In early July she was notified that temporary employment at Sylvania was available. She was aware that she might expect to receive $2 an hour and that she would at the end of each week of employment furnish Certified with an account of the number of hours worked by her so that Certified might in turn bill Sylvania. The rate an hour of her work charged by Certified to Syl-

vania, but unknown to her, was $2.60.  It was the employee's hope when she reported to Sylvania that her employment might be permanent but this possibility appears not to have been a definite one.  Upon her first appearance at Sylvania she was given certain instructions on the location of her work and the name of a woman who subsequently outlined her duties which consisted mainly of typing "progress reports" for the engineering department.  Conditions of her work, its nature, and the time expended by her on it were subject to direction of individuals at Sylvania.  If Sylvania were at any time dissatisfied with her work it could so indicate to Certified and arrangements for a satisfactory replacement would be made.  She continued to work for Sylvania subject to these arrangements for two weeks in July, discontinued work there for a two week plant vacation, in which interval she worked nowhere else, and returned after the vacation period to resume her labors.  On August 7, 1964, while seating herself on a stenographer's chair "it rolled away from her and she fell to the floor in a sitting position, striking her back on a metal cabinet as she fell."  Following this incident she received extensive medical treatment, including several spinal operations, for back difficulties from which she had suffered prior to her employment at Sylvania.  There was medical testimony that the employee had sustained in her fall an aggravation of a preexisting disc condition which ultimately led to surgery.  Medical testimony also indicated that she was totally disabled for work as a clerk-typist although she might resume work for three or four hours a day for two or three days in a row as a switchboard operator, for which work she was also qualified.

1. It is our view that on the date of her fall the claimant was an employee of Sylvania.  While her engagement there had been arranged by Certified, who paid her her wages, she nonetheless was immediately subject to the direction and control of those whom Sylvania had placed over her in authority.  What work she performed was accomplished on Sylvania's premises, with Sylvania's equipment, for its pur-

poses and under the direction of its people. Her only tie with Certified, once she arrived at Sylvania, was to report periodically on the amount of work which she had done in terms of hours. When Sylvania went on vacation so did she, and she did no other work until, without consulting Certified, she returned to her desk at Sylvania at the vacation's end. "Employee" is defined in G. L. c. 152, § 1 (4), as amended by St. 1947, c. 215, as "every person in the service of another under any contract of hire, express or implied, oral or written . . .." So defined the claimant is the employee of Sylvania. That the requisite contract of hire existed is apparent from the evidence. See *Cameron* v. *State Theatre Co.* 256 Mass. 466, 467–468; *Sargentelli's Case,* 331 Mass. 193, 195.

As Travelers pointed out, the language of *Langevin's Case,* 326 Mass. 43, 47–48, is apt in the determination which we make here. "In *Coughlan* v. *Cambridge,* 166 Mass. 268, 277, this court said, 'It is well settled that one who is the general servant of another may be lent or hired by his master to another for some special service, so as to become as to that service the servant of such third party. The test is whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired.' . . . It is not decisive that he was paid by the one whose general servant he is. *Hasty* v. *Sears,* 157 Mass. 123, 124. And it is not decisive whether the one to whom he is lent or hired actually exercises control, if he has the right to do so. *Delory* v. *Blodgett,* 185 Mass. 126, 128." That quotation is current law. *Chisholm's Case,* 238 Mass. 412, 419. *McDermott's Case,* 283 Mass. 74, 76–77. *O'Hara's Case,* 310 Mass. 223, 226. *Keaney's Case,* 341 Mass. 571, 574. *Brigham's Case,* 348 Mass. 140, 141–142. See *Donnelly's Case,* 304 Mass. 514, 520; *Wanders's Case,* 308 Mass. 157, 160; *Messina* v. *Richard Baird Co.* 337 Mass. 8, 12.

2. The evidence was such that it could have been found in this matter that the employee sustained an injury in the

course of her employment. The accident occurred while she was engaged in fulfilling her responsibilities at Sylvania. *Souza's Case*, 316 Mass. 332, 334.

3. The questions of causation and length of disability were peculiarly a matter for expert medical testimony which was given in this case by a qualified expert in orthopedics. He assigned a total disability to the employee based upon the aggravation of a preëxisting spinal condition which she suffered as a result of her fall. The finder of fact must rely on this uncontradicted testimony which had to do with a matter beyond the common knowledge and experience of a layman. *Josi's Case*, 324 Mass. 415, 417–418. *Sevigny's Case*, 337 Mass. 747, 749. *Casey's Case*, 348 Mass. 572, 574. *Weinberg* v. *Massachusetts Bay Transp. Authy.* 348 Mass. 669, 670–671.

4. There is no error in the reviewing board's finding that the average weekly wage of the employee was $65 in view of her testimony, nor in overruling the exception of American to evidence elicited through a tripartite question posed to the employee by counsel for Travelers. The question may have been inartistic and prolix but it was nonprejudicial and could be answered as it was with a simple affirmative response.

5. The decree is affirmed. Costs and expenses of this appeal shall under G. L. c. 152, § 11A, be allowed by the single justice.

*So ordered.*