RAYMOND J, HANCOCK'S CASE.

Essex. February 7, 1969. — April 3, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Identity of employer, To whom act applies.

Evidence in a workmen's compensation case warranted a finding by the Industrial Accident Board that the employee, who, after having been employed by a Massachusetts corporation as a salesman and sales manager for some years, became general manager of a New Hampshire corporation, was an employee of the New Hampshire corporation and not an employee of the Massachusetts corporation when subsequently he was injured. [525]

One employed by a New Hampshire employer and injured in New Hampshire could not maintain a proceeding under the Massachusetts Workmen's Compensation Act where it did not appear that the contract of employment had been made in Massachusetts or that the employer's workmen's compensation insurance extended to Massachusetts. [525–526]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Mitchell, J.*

*Fred Pearlmutter* for the claimant.

*Leo J. Hession* for the insurer.

KIRK, J.   The claimant Hancock appeals from a final decree dismissing his amended claim for compensation under G. L. c. 152.   The decree was based upon the decision of the reviewing board which adopted the findings and decision of the single member.

The amended claim was "against Manzi Auto Sales, Inc., and/or Manzi Dodge of Nashua, Inc., 247 Methuen Street, Lawrence, Mass."

The board found and it is not disputed that Hancock's injury arose out of and in the course of his employment.   The accident occurred on March 30, 1965, shortly after midnight, in New Hampshire when, during a snowstorm, Hancock's car went into a spin and struck a stone wall while he was en route to an inn for shelter.   The board denied the claim because it found that Hancock at the time of his injury was not an employee of Manzi Auto Sales, Inc. of Lawrence, Massachusetts "and hence this board lacks jurisdiction over this claimant and his claim."   The board found that Hancock at the time of his injury was the employee of Manzi Dodge of Nashua, Inc., a New Hampshire corporation which carried him on its payroll, paid his expense money and provided his workmen's compensation insurance.

In attacking the board's finding that he was not an employee of the Massachusetts corporation, the claimant has the burden of showing that the finding was wholly lacking in evidential support or was tainted by error of law; and this is so even if a different finding could have been made. *Brigham's Case,* 348 Mass. 140, 141.   The evidence showed that for approximately six years before July 17, 1964, Hancock worked for Manzi Auto Sales, Inc. of Lawrence, Massachusetts, as a salesman.   He later became its sales manager.   The treasurer and general manager of the Lawrence corporation was Harry Manzi who was also treasurer of Manzi Dodge of Nashua, Inc.   From time to time Manzi

had sent Hancock to Nashua to straighten out matters of "faulty management." On July 17, 1964, Manzi and Hancock drove to Nashua. Upon their arrival at the place of business Manzi fired the manager and put Hancock in charge as general manager, "the person who was physically present there to run the business." Thereafter, the Nashua corporation paid Hancock $165 a week plus ten per cent of the net profit of the business, whereas theretofore the Lawrence corporation had paid him $75 a week plus a commission on his own sales. The Nashua corporation carried Hancock as an employee for workmen's compensation under New Hampshire law and paid the premiums. Hancock signed income tax forms authorizing withholdings by the Nashua corporation, where his responsibility as general manager "would have been the total overhead." There was evidence that Hancock during his employment in New Hampshire had engaged in negotiations for a franchise with another automobile manufacturer and had held himself out as the general manager of the Nashua corporation. These considerations, embracing as they do enlarged job responsibilities and duties, changes in the sources, subject and amount of payments, and acquiescence in the new employment, although not conclusive, were significant and provided a tenable basis for the board's conclusion that Hancock consensually had become the employee of the Nashua corporation at the time of his injury. See *McDermott's Case*, 283 Mass. 74, 76; *Langevin's Case*, 326 Mass. 43, 47; *Keaney's Case*, 341 Mass. 571, 574. There was evidence which would have warranted a contrary finding.

The finding that Hancock was the employee of the Nashua corporation and not of the Lawrence corporation, is not per se, as the board's decision seems to imply, dispositive of the issue of the board's jurisdiction of the case. It is the want of other and additional facts which shows that the claimant cannot prevail on the jurisdictional issue. As already noted, it was not disputed that the accident which caused the injury occurred in New Hampshire. There was no finding that the contract of employment was made in Massachusetts.

Indeed the same evidence which resulted in the board's finding that Hancock was in the employ of the Nashua corporation tended to show that the contract was made in New Hampshire. There was no evidence that the workmen's compensation coverage of the Nashua corporation extended to Massachusetts. The issues of coverage in Massachusetts and of jurisdiction had been explicitly raised by the insurer before the single member and before the board. The conditions precedent to an award under the statute must be met by the claimant. See *Ginley's Case*, 244 Mass. 346, 348; *Johnson's Case*, 279 Mass. 481, 485. The record shows that they were not met here.

*Decree affirmed.*