HATTIE PRIMUS *vs.* REUBEN FRIEDMAN. June 8, 1970. In this action of tort for dental malpractice there was a directed verdict for the defendant. The plaintiff filed a motion for new trial based on newly discovered evidence. Affidavits of counsel for the plaintiff and of Dr. Norman Aurlick, an oral surgeon, who was a witness for the plaintiff, were to the effect that during a recess at the trial Dr. Aurlick was approached separately by the defendant and the defendant's counsel each of whom asked in angry tones whether he was going to testify against Dr. Friedman. The motion was denied. There was no error. The judge's ruling rested in his sound judicial discretion. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 177. *Madden* v. *Boston Elev. Ry.* 284 Mass. 490, 494. *Spiller* v. *Metropolitan Transit Authy.* 348 Mass. 576, 580. No abuse of discretion appears.

*Exceptions overruled.*
*Judgment for the defendant.*

*Albert I. Lapon* for the plaintiff.
*John F. Finnerty* for the defendant.

JOHN H. LEDBETTER *vs.* M. B. FOSTER ELECTRIC COMPANY, INC. June 9, 1970. In this action of tort the plaintiff claims for personal injuries received in a flash fire caused by the malfunction of a grill in the Jordan Marsh Company store in Boston, stating that the defendant undertook to repair the grill and its wiring system and did so negligently. We do not discuss the issues of negligence and the defence raised under G. L. c. 152, §§ 15 and 18, for the matter can be disposed of on the defendant's contention that the individuals who undertook the repairs were lent servants to Jordan Marsh Company. Viewing the evidence in the light most favorable to the plaintiff (*Cannon* v. *Crowley,* 318 Mass 373, 374), it could have been found that the individuals who did the electrical work were employees of the defendant and paid by it although they worked steadily at Jordan Marsh Company. The two individual electricians took orders directly from the defendant's foreman but the foreman in turn took his orders directly from an electrician in the employ of Jordan Marsh Company. In this instance the employees did not continue liable to the direction and control of the defendant but were subject to that of Jordan Marsh Company to which they were lent. *Galloway's Case,* 354 Mass. 427, 430. See *Coughlan* v. *Cambridge,* 166 Mass. 268, 277; *Langevin's Case,* 326 Mass. 43, 47. The record makes it clear that the employees who accomplished the repairs were lent employees, and since there was no contradictory evidence a verdict should have been directed for the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*

*Robert W. Cornell* for the defendant.
*Herbert S. Mades* for the plaintiff.