GAIL GEORGOPOULOS & others *vs.* CLARENDON CONSTRUCTION AND TRUCKING COMPANY, INC. & another. December 10, 1971. This is an action of tort in which verdicts were returned by a jury against Clarendon Construction and Trucking Company, Inc. (Clarendon) and Rowe Contracting Company (Rowe). The case is before this court on Rowe's exception to the denial of its

Rescript Opinions.

motion for directed verdicts. The sole issue for our determination is whether there was sufficient evidence to warrant a jury in finding that James Walsh, the driver of a truck owned by Clarendon, was a servant of Rowe at the time of the accident, thereby rendering Rowe liable for his negligence. In the light of our prior decisions dealing with borrowed servants, we are of opinion that the motion for directed verdicts in this case was rightly denied. *Coughlan* v. *Cambridge,* 166 Mass. 268, 277. *Cain* v. *Hugh Nawn Contr. Co.* 202 Mass. 237. *Harrington* v. *H. F. Davis Tractor Co. Inc.* 342 Mass. 675, 679. *Galloway's Case,* 354 Mass. 427, 430. There was sufficient evidence on the issue of Rowe's control over the driver to present a question of fact as to whether he had become a servant of Rowe. Where more than one conclusion is permissible the question is for the jury. *Marsh* v. *Beraldi,* 260 Mass. 225, 231. Without stating all of the evidence in detail, we note that the jury could have permissibly found that Clarendon's drivers generally, and Walsh in particular, were controlled by Rowe in the manner of loading the trucks, that Rowe controlled the method of delivery and directed and controlled the destination and routes which the trucks followed in making the deliveries. The jury could have also found that Rowe had the right to instruct drivers to obey speed limits, to avoid streets closed to truck traffic and to adhere to customer delivery schedules. If the drivers did not comply with Rowe's instructions, they would no longer deliver for Rowe. Also, Rowe and Clarendon could have been found to have had a long standing relationship whereby Clarendon operated as a steady source of labor and equipment which was at Rowe's "beck and call for a week at a time." Finally, there was ample evidence to indicate that Walsh, although paid by Clarendon, impliedly if not expressly consented to become subject to Rowe's control, *Berry* v. *New York Cent. & H. R. R.R.* 202 Mass. 197, 202–203, and that he was subject to that control on the day of this accident. The cases of *Peach* v. *Bruno,* 224 Mass. 447, and *Fox* v. *Pallotta,* 274 Mass. 110, relied on by Rowe, are not controlling since in those cases the circumstances relating to actual control or right to control by the defendants were far less compelling than exist in the present case.

*Exceptions overruled.*

*William H. Shaughnessy* for the defendant Rowe Contracting Company.
*Philander S. Ratzkoff (James F. Meehan & S. George Bromberg* with him) for the plaintiffs.