Astrid Hagenguth *vs.* Old Storrowtown Tavern, Inc. December 10, 1971. In this tort action for personal injuries resulting from a fall on the defendant's premises, the jury returned a verdict for the plaintiff in the amount of $10,000. The defendant filed a motion for a new trial on the grounds that the verdict was excessive and against the weight of the evidence. Its sole exception relates to the denial of the motion. That the granting or denial of a motion for a new trial on the grounds urged here is within the sound discretion of the judge is so well established it requires no citation of authority. The burden which must be met in establishing an abuse of that discretion is a difficult one. *Bartley* v. *Phillips*, 317 Mass. 35, 41–42. In this case, the evidence presented convinces us beyond any doubt that there was no abuse of discretion. At the time of the accident in November, 1965, the plaintiff was a twenty-nine year old amateur figure skater. Her family doctor found that she had a sprained left ankle and a contusion sprain of the left knee. In late November, 1965, he found that she had a damaged left knee. Thereafter, she underwent two weeks of treatments consisting of

whirlpool baths and exercises. When she returned to skating in February, 1966, she "began to feel a burning sensation in both knees, and they started to stiffen up . . . ." She then underwent treatment by a chiropractor which continued periodically from July, 1966, through 1968. In November, 1966, an orthopedic surgeon diagnosed her condition as a "patellofemoral traumatic arthritis" and was of the opinion that it was a permanent disability which would get progressively disabling as she advanced in years. The surgeon also found that a crepitation or grinding sensation could be felt when each knee was moved and that the plaintiff experienced pain when her kneecaps were compressed and rotated. In the opinion of her family doctor the injury would prohibit the plaintiff from performing as an ice skater at the level of proficiency which she had previously attained. At the time of the trial, the plaintiff could not kneel on a hard surface nor could she perform a deep knee bend. On this record, no abuse of discretion appears in the judge's denial of the defendant's motion for a new trial..

*Exceptions overruled.*

*Philip J. Shine* for the defendant.
*Brian J. Quinn* for the plaintiff.