WARREN L. PEMBERTON *vs.* ROGER W. BOAS & another. April 6, 1982. The plaintiff, an employee of Palmer Paving Corp. (Palmer), brought this action to recover damages for injuries he sustained in an accident at a construction site on October 25, 1978, allegedly caused by the negligence of the defendants Roger W. Boas (Boas) and Boas' employer, Ben Moccio & Sons Excavating Co. (Moccio). At the trial in the Superior Court, the issues were submitted to the jury in the form of five special questions. Mass.R.Civ.P. 49(a), 365 Mass. 812-813 (1974). On the basis of the jury's answers, the judge entered judgment against both defendants on the verdict in the amount of $1,128,000. Thereafter, the defendants seasonably moved for a new trial or for a remittitur of the damages. Mass.R.Civ. P. 59(a), 365 Mass. 827 (1974). The judge ruled that the motion for new trial would be denied if the plaintiff accepted a remittitur of $398,000. The plaintiff accepted the remittitur, and an amended judgment was entered in the amount of $730,000. The defendants have appealed from that judgment and from the order denying their motion for a new trial. We affirm.

1. The defendants claim error in the denial of their motion for a directed verdict on the ground that the evidence required a finding that Boas, the driver of a truck owned by Moccio, was, at the time of the accident, a special employee of Palmer. In light of the cases dealing with lent servants, we are of the opinion that the motion was properly denied. See *Coughlan* v. *Cambridge*, 166 Mass. 268, 277 (1896); *Centrello's Case*, 232 Mass. 456, 457 (1919); *Wall's Case*, 293 Mass. 93, 94 (1935); *Galloway's Case*, 354 Mass. 427, 430 (1968); *Georgopoulos* v. *Clarendon Constr. & Trucking Co.*, 360 Mass. 865, 866 (1971). Cf. *Ramsey's Case*, 5 Mass.

App. Ct. 199, 202-203 (1977). The question of the existence of a special employment relationship is "usually a question of fact." Locke, Workmen's Compensation § 151, at 159, and cases cited at n.91 (2d ed. 1981). Under applicable standards (see *H.P. Hood & Sons* v. *Ford Motor Co.*, 370 Mass. 69, 71-72 [1976]; *Boyle* v. *Wenk*, 378 Mass. 592, 593 [1979]), there was sufficient evidence on the issue of Moccio's control over Boas to present a jury question. Without stating all the evidence in detail, we note that the jury could properly have found that Boas was hired and paid by Moccio; that he reported each morning to Moccio's office for work assignments; that he returned each night with Moccio's truck to Moccio's yard; and that he was eventually discharged by Moccio. They also could have found that the compacting work which Boas was performing for Palmer at the jobsite was essentially a routine procedure which required no special instructions or directions from Palmer's foreman; that Boas' contacts were principally with the plaintiff, who was not a foreman but a laborer for Palmer; that Boas had no contacts with Palmer's foreman which involved substantive supervision or direction over his work; and that Moccio's vice president was on the jobsite, supervising his company's trucks and heavy construction equipment, about ten or fifteen times each day as a "working foreman." There was also evidence from which the jury could have found that Boas had not consented to be subject to Palmer's control. Compare *Berry* v. *New York Cent. & H.R.R.R.*, 202 Mass. 197, 202-203 (1909). In addition, the plaintiff had the benefit of the rule that drivers of trucks "when lent with the vehicles presumptively remain the servants of the general employer and are subject to his control in so far as pertains to the care, management and preservation of the property." *Mahoney* v. *New York, N.H. & H.R.R.*, 240 Mass. 8, 10-11 (1921). See 1C Larson, Workmen's Compensation Law § 48.30, at 8-381 — 8-394 (1980). That conclusion is supported here by the presence of several of the factors deemed relevant to the general employer's retention of control in § 220 of Restatement (Second) of Agency (1958), and this case could be found analogous to the situations discussed in Illustrations 1 and 5 of § 227 of the Restatement, in which the general employer retains control. Contrary evidence stressed by the defendants brought the case within the rule that "[w]here more than one conclusion is permissible the question is for the jury." *Georgopoulos* v. *Clarendon Constr. and Trucking Co.*, *supra*. See *Marsh* v. *Beraldi*, 260 Mass. 225, 231 (1927).

2. The defendants argue that the judge failed to make clear, both in his instructions and in a special question posed to the jury, that the special employee issue turned on whether Palmer had a right of control over Boas, regardless of whether Palmer actually exercised that control. See *Galloway's Case*, *supra*, quoting from *Langevin's Case*, 326 Mass. 43, 47-48 (1950). We disagree. The judge instructed the jury that, in order to be found a special employee, Boas must have been "subject to . . . Palmer's direction and control." This language was subsequently repeated three

separate times in various formulations. The judge then summed up the issue by instructing that "[i]n order to find that . . . Boas was a lent . . . employee, you must find a *right to control* Boas existing in Palmer . . ." (emphasis supplied). Finally, the judge went on to instruct that the presumption that Boas remained an employee of Moccio (see part 1, *supra*) would be overcome if the jury found that Moccio had "surrendered its right of control" to Palmer. The language of this last instruction was identical to that of the special question requested by the defendant. Although the special question ultimately posed to the jury asked only whether Boas was "under the control" of Palmer, we think the proper meaning of that question was made clear in the context of the instructions quoted. The judge did not err in declining to pose the special question in the precise language requested by the defendants. See *Fialkow* v. *DeVoe Motors, Inc.*, 359 Mass. 569, 575 (1971). The same is true of the defendant's requested instruction which was covered in substance by the instructions given.

3. The judge instructed the jury that if they found Boas to be a special employee of Palmer they should find for Boas, but that "as a matter of law this does not necessarily apply to . . . Moccio . . . providing . . . there was negligence on the part of Mr. Boas. His status as a special employee . . . would not affect the potential liability of . . . Moccio." A proper objection was taken to the instruction. The defendants agree with the instruction as to Boas, contending that a finding that Boas was a special employee of Palmer would bar an action against him by the plaintiff, also an employee of Palmer, because they both would have been "said insured person's employees" within the meaning of G. L. c. 152, § 15, as amended by St. 1971, c. 941, § 1. The defendants disagree with the instruction as to Moccio, however, arguing that upon such a finding, Moccio would no longer be liable either because the principle of respondeat superior would no longer apply to it, or because § 15 would operate to protect Moccio. We need not decide whether either of these contentions is correct. The questioned instruction was only to be applied upon a finding that Boas was a special employee, and the jury made a threshold finding, in answer to the first special question, that he was not. In view of that finding, made after proper instructions on the special employee issue (see part 2, *supra*), any error in the instruction was rendered harmless. See *Donoghue* v. *Holyoke Transcript-Telegram Publishing Co.*, 9 Mass. App. Ct. 899 (1980); *Bechtel* v. *Paul Clark, Inc.*, 10 Mass. App. Ct. 685, 695 n.5 (1980).

4. The defendants correctly point out that plaintiff's closing argument was improper in its suggestions that the special employee defense was a "technicality," a "strange rule of law . . . and maybe . . . unfair," and a "red herring" by which the jury should not be "fooled." The defendants took no objection to these remarks during the argument, but sought curative instructions to this point. At the outset of the charge, the judge in-

structed the jury that "you must take the law as I give it to you . . . .
[None] of us can decide if it's a good law or a bad law or a fair law or an
unfair law because none of us [is] above the law . . . ." Following the
charge, defense counsel, upon being reminded of this instruction, stated
that he was "content" with it, and we are not inclined to allow counsel a
late objection now. In any event, the judge had broad discretion to fash-
ion appropriate curative instructions, see *Fialkow* v. *DeVoe Motors, Inc.*,
*supra* at 572, and we do not think he abused that discretion in view of the
particularity of the curative instruction and the judge's additional instruc-
tions about the proper role of counsel and their arguments. See *id.*; *Luz*
v. *Stop & Shop, Inc.*, 348 Mass. 198, 207-208 (1964); *Warren* v. *Edgeco,
Inc.*, 8 Mass. App. Ct. 171, 177-178 (1979).

5. The judge did not abuse his discretion in excluding evidence that
the plaintiff had been receiving workmen's compensation and social
security benefits during the period following his injury. Since the amount
of such benefits may not be used to reduce a plaintiff's recovery, such evi-
dence is normally inadmissible as irrelevant and prejudicial. *Goldstein* v.
*Gontarz*, 364 Mass. 800, 808-809 (1974), and cases cited. See *Chaves* v.
*Weeks*, 242 Mass. 156, 158 (1922). The defendants offered such evidence
for the limited purpose of showing that it was the receipt of such benefits,
rather than the severity of the disability, that kept the plaintiff from re-
turning to work, relying on *McElwain* v. *Capotosto*, 332 Mass. 1, 2-3
(1954), and *Nassif* v. *Smith*, 4 Mass. App. Ct. 814 (1976). Both of those
cases recognize, however, that the admissibility of such evidence for that
purpose is within the discretion of the judge, and we cannot say the judge
abused his discretion in excluding it here.

6. The defendants argue that the damages, even as reduced by the
remittitur, are excessive as matter of law. On this issue the judge's discre-
tion is "very broad," and "[o]nly in rare instances can it be ruled that
there has been an abuse of discretion amounting to an error of law."
*Bresnahan* v. *Proman*, 312 Mass. 97, 101-102 (1942). The plaintiff's in-
juries occurred when he was crushed between a ten-wheel dump truck
and a large front-end loader. As a result he suffered traumatic and per-
manently disabling injuries, including lacerations of the liver and stomach,
a near total transection of the pancreas, and a ruptured disc. Extensive
surgery was required, and it could have been found to have had only
limited success. There was testimony that the plaintiff's pain and suffer-
ing following the accident was considerable, and that he continues to
have significant discomfort. Even apart from the medical evidence about
the severity of the injuries, the evidence on the plaintiff's age, life expect-
ancy, present disabilities, education, employment experience, job pros-
pects, and earning capacity appear sufficient to support the award. Fac-
tors which would have warranted a lesser amount of damages were fully
explored before the jury and apparently rejected by them. On the evi-
dence as a whole, it cannot be said that the damages were excessive as

matter of law. See *Hagenguth* v. *Old Storrowtown Tavern, Inc.*, 360 Mass. 866, 866-867 (1971); *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 787-788 (1975); *Griffin* v. *General Motors, Inc.*, 380 Mass. 362, 370-371 (1980).

7. Most of the grounds advanced by the defendants in support of their motion for a new trial have been considered and disposed of above. No abuse of discretion has otherwise been shown in the denial of that motion. See *Galvin* v. *Welsh Mfg. Co.*, 382 Mass. 340, 342-344 (1981); *Forte* v. *Muzi Motors, Inc.*, 5 Mass. App. Ct. 700, 701-702 (1977).

*Amended judgment affirmed.*

*Order denying motion for a new trial affirmed.*

*Robert A. Gelinas* (*Caroline W. Spangenberg* with him) for the defendants.

*John F. Keenan* for the plaintiff.