578    412 Mass. 578

Work-A-Day of Fitchburg, Inc. *v.* Commissioner of the Dept. of Employment & Training.

## WORK-A-DAY OF FITCHBURG, INC. *vs.* COMMISSIONER OF THE DEPARTMENT OF EMPLOYMENT AND TRAINING.[1]

Worcester. March 2, 1992. - May 6, 1992.

Present: LIACOS, C J , WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ

*Employment Security*, Employing enterprise, Employment relationship, What constitutes employment. *Agency*, What constitutes.

The board of review in the Department of Employment and Training lacked substantial evidence to support its conclusion that the clients of a corporation in the business of providing temporary workers were agents of the corporation for purposes of controlling and supervising the workers and, therefore, that the corporation was the workers' employer for unemployment compensation purposes. [580-581]

The case of a corporation in the business of providing temporary workers to its clients was remanded to the board of review in the Department of Employment and Training for a determination whether the corporation or the clients were the workers' employer for unemployment compensation purposes, based on the board's conclusion as to which elements of control and direction held respectively by the corporation and its clients are more important for the purposes of the employment security law, and whether the purposes of that law are better served by having the corporation or its clients as employer. [581-582]

CIVIL ACTION commenced in the Fitchburg Division of the District Court Department on February 12, 1990.

The case was heard by *Milton H. Raphaelson*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Philip J. Murphy* for the plaintiff.

*Brian E. Burke*, Assistant Attorney General, for the defendant.

---

[1] Formerly the director of the Division of Employment Security. See St. 1990, c. 177, §§ 246, 247.

412 Mass. 578    579

Work-A-Day of Fitchburg, Inc. *v.* Commissioner of the Dept. of Employment & Training.

WILKINS, J. The plaintiff (Work-A-Day) provides temporary, unskilled workers, from day to day, to various client companies to work in warehouses, on construction projects, and in factories. Work-A-Day assigns to client companies people who have responded to Work-A-Day's advertisements for workers to work for its various clients. Work-A-Day pays the workers an hourly wage and charges its clients commissions that are intended to cover Work-A-Day's costs and to produce a profit. Each client controls the workers' schedules and assignments and may at any time terminate a worker's services with it by advising Work-A-Day of its dissatisfaction with the worker.

The defendant department concluded in January, 1989, that the workers were the employees of Work-A-Day and that, accordingly, Work-A-Day was obliged to contribute to the unemployment compensation fund with respect to the workers' wages. A hearing examiner heard evidence and ruled that the workers were in Work-A-Day's employment within the meaning of G. L. c. 151A (1990 ed.). He concluded that the workers perform services for Work-A-Day's clients "in furtherance of [Work-A-Day's] purpose," and "that although [Work-A-Day] does not personally participate in the supervision of the workers, the clients act as an agent for the employer, and the direction and control exercised over the workers is on behalf of and for the employer." He ruled that the workers' services constituted employment within the meaning of G. L. c. 151A, § 2.[2]

---

[2]General Laws c. 151A, § 2, reads as follows:

"Service performed by an individual, except in such cases as the context of this chapter otherwise requires, shall be deemed to be employment subject to this chapter irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the commissioner that —

"(*a*) such individual has been and will continue to be free from control and direction in connection with the performance of such services, both under his contract for the performance of service and in fact; and

"(*b*) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

On appeal to the board of review, which heard no additional evidence, the board affirmed the decision. A judge of the District Court denied Work-A-Day's petition for review. We allowed Work-A-Day's application for direct appellate review. We reverse the order of the District Court upholding the agency's determination and direct that the board of review reconsider the matter in light of this opinion.

The department's decision is based on rulings that Work-A-Day's clients are acting as its agents in supervising the workers that Work-A-Day sends to them; that, as a result, Work-A-Day has a right to direct and control the workers while they are working; and that the workers are in Work-A-Day's employment for unemployment compensation purposes. There is no substantial evidence to support the conclusion that Work-A-Day's clients are acting as Work-A-Day's agents. There was no agency relationship because there is no indication that the clients consented to act on behalf of Work-A-Day and subject to its control. See *Harrison Conference Servs. of Mass., Inc.* v. *Commissioner of Revenue*, 394 Mass. 21, 24 (1985); Restatement (Second) of Agency § 1 (1) (1958). The clients are not by agreement acting for Work-A-Day's benefit in directing what the workers provided to them do. The clients are acting for themselves in that respect and are in no way subject to Work-A-Day's direction and control in their supervision of the workers.

We have no difficulty in concluding that in performing their services the workers are in employment, as defined in

"(*c*) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed."

As will be seen, the first issue should be whether (and, if so, with whom) the workers have an employment relationship, as defined in G. L. c. 151A, § 1 (*k*) (1990 ed.). Only if an employment relationship exists is the question important whether, under § 2, the employer has proved that the service performed should not be deemed to be employment subject to G. L. c. 151A.

412 Mass. 578                                    581

G. L. c. 151A, § 1 (*k*) (1990 ed.),[3] and amplified in G. L. c. 151A, § 2, at least for the reason that they are receiving wages and are not "free from control and direction in connection with the performance of such services." It is true that both Work-A-Day and the client exercise some control over the workers. But the workers surely are not free from control.

The question for decision then is whether, for the purposes of G. L. c. 151A, the workers are in the employment of Work-A-Day or of its respective clients.[4] The department must now decide, without relying on a nonexistent agency relationship between Work-A-Day and its clients, whether Work-A-Day or each of its respective clients is the employer for the purposes of G. L. c. 151A. In making that determination following a remand of the proceedings to the department, the board of review may rely on the record already developed or, in its discretion, may take further evidence, itself or through a review examiner.

The decision in the first instance is for the department to make. We add a few observations, however, that may be of assistance. The board of review will have to determine which elements of direction and control, those held by Work-A-Day or those held by its clients, are more important for the purposes of the employment and training law. The board may be warranted in resolving any uncertainty by considering whether the purposes of that law are better served by treating Work-A-Day or its clients as the employer. The judgment of the Legislature that, under the workers' compensation law, Work-A-Day is an "employer" in similar circumstances may be a guide to the appropriate public policy. The fact, on the other hand, that specific legislation was necessary to achieve that result (see G. L. c. 152, § 18 [last

---

[3]General Laws c. 151A, § 1 (*k*), provides in relevant part: " 'Employment' [is any] service . . . performed for wages or under any contract, oral or written, express or implied, by an employee for his employer . . . ."

[4]Theoretically at least the workers might be in the employment of both Work-A-Day and its clients. Such a conclusion would present administrative problems and may not have been intended by the Legislature.

paragraph], inserted by St. 1969, c. 755, § 2, overruling *Galloway's Case*, 354 Mass. 427 [1968]) may be instructive. Past administrative practices, of which there is no indication in the record, in the treatment of entities that provide temporary personal services in similar circumstances may be relevant in resolving any statutory ambiguity.

The order denying the petition for review of Work-A-Day of Fitchburg, Inc., is vacated. An order shall be entered in the District Court remanding the proceeding to the Department of Employment and Training for further consideration by the board of review in light of this opinion.

*So ordered.*