Welsh, J.
Plaintiff seeks compensatory and punitive damages against a moving and storage company for his furniture and personal belongings, for alleged unfair and deceptive acts or practices in dealings with the plaintiff, and for failure to return the goods to plaintiff in a timely manner and in proper condition.
The defendants did not appear or answer in the action. The matter was heard upon plaintiff’s application for default judgment and for assessment of damages. See Rule 55(b)(4), Mass. R. Civ. P. Essentially, plaintiff complains that the judge erred in failing to award him the entire amount he sought and in failing to make explicit findings on all of the theories for relief propounded by the plaintiff.
We discern no prejudicial error and affirm the judgment entered.
The plaintiff had been a tenant at an apartment complex in Quincy. As a result of a summary process action, the plaintiff was evicted and his personal property removed and stored by the defendants.[1] See G.L.c. 239, §4; see generally Koonce v. Aldo Realty Trust, 8 Mass. App. Ct. 199, 200 (1979). The plaintiff succeeded in getting back his property, but claims that the moving and storage company not only damaged his goods for which he seeks compensation but also was guilty of misconduct toward him giving rise to this other claim for damages. These will be discussed in context, infra.
1. The plaintiff, at all times relevant to a pro se litigant,[2] opted to proceed in his appeal pursuant to Rule 8A, Dist./Mun. Cts. R. A. D. A. This was an unfortunate choice. The statement furnished is not wholly adequate to assess his claim that *54 the damages awarded were insufficient. See Viano v. Comeau, 2003 Mass. App. Div. 140. Rule 8A does not require a transcript or a record appendix. Compare Rule 8C, Dist./Mun. Cts. R. A. D. A. See Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69. It appears that at the assessment of damages hearing following default, plaintiff introduced testimony by one purporting to be an expert on the appraisal of personal property that the amount of loss was $7,664. In essence, the plaintiff claims the judge was bound to award that amount, presumably because there was no evidence to the contrary.
2. The short answer is that the judge was not bound to accept the figure proffered by the plaintiffs expert. Jacobs v. Lloyd, 24 Mass. App. Dec. 157, 160 (1978). This is so even if the plaintiffs testimony is uncontradicted. Dodge v. Swanson, 288 Mass. 402, 408 (1935). Deference is afforded to a judge’s factual determination of damages in cases where the damages are unliquidated. Rarely can it be ruled that the discretion afforded the judge has been abused. See Bresnahan v. Proman, 312 Mass. 97, 101-102 (1942); Pemberton v. Boas, 13 Mass. App. Ct. 1015, 1018 (1982). In an unliquidated claim, seldom can the quantum of damages be established with the precision of a mathematical demonstration; the trier of fact by necessity arrives at the figure by estimate and judgment. Carlo Bianchi & Sons Constr., Inc. v. Builder’s Equip. Supplies Co., 347 Mass. 636, 646 (1964). In arriving at the amount, a fair approximation within a reasonable range is permissible. McKenna v. Begin, 5 Mass. App. Ct. 304, 311 (1977). In his analysis, the judge alluded to a flaw in the proof offered in support of the claim for damages. After stating the general rule that the proper measure of damages was the difference between the fair market value of the goods before and after the damaging event, the court pointed out that although there was evidence of the replacement value after the event, there was for the most part a paucity of evidence from which an inference could be made as to the value of the goods prior to the defendant’s dominion over them. Contrary to an abuse of discretion, the record reflects a careful discernment of the damage evidence offered. We find no abuse of discretion.
3. A default constitutes an admission of those facts that are essential to liability. It does not espouse the theory of liability propounded by plaintiff. The judge is not bound by the plaintiff’s theory of liability. See Plasko v. Orser, 373 Mass. 40, 43 (1977) (formula for calculating damages on a note set forth in the plaintiff’s complaint was not binding on the court).
4. The court was not required to find a violation of G.L.c. 93A, §2. See Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 100-101 (1979). Not every breach of contract gives rise to a violation of G.L.c. 93A. Madan v. Royal Indem. Co., 26 Mass. App. Ct. 756, 762-763 (1989). A fair reading of the materials suggests that the plaintiff was delayed for a short period of time in obtaining his goods because the defendants were late. This problem was promptly rectified with the assistance of a police officer. His claim that he was forced to sign an unconditional release to get his belongings back rings hollow, since he signed the document “under protest” emphasizing he was not waiving any rights. Even if we were to assume favorably to the plaintiff that the defendants’ conduct had the requisite extortionate quality to constitute a violation of G.L.c. 93A, see Anthony’s Pier Four, Inc. v. HBC Ass’n., 411 Mass. 451, 474 (1992); Atkinson v. Rosenthal, 35 Mass. App. Ct. 219 (1992), the plaintiff fails to show damage resulting from such actions. R. W. Grainger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 80 (2000).
There was no prejudicial error. The judgment is affirmed.
So ordered.

 See Equity Residential Mgmt. Trust v. Calloway, 2001 Mass. App. Div 86; aff’d pursuant to Rule 1:28, 57 Mass. App. Ct. 1007.

 The plaintiff properly waived his claim for attorney fees at oral argument.